# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KEVIN FOX, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 04 C 7309 |
| v. ) | |
| ) | Judge John W. Darrah |
| OFFICE OF THE SHERIFF OF WILL COUNTY, ) | |
| DETECTIVE EDWARD HAYES, ) | |
| DETECTIVE MICHAEL GUILFOYLE, ) | |
| DETECTIVE SCOTT SWEARENGEN, ) | |
| DETECTIVE JOHN RUETTIGER, ) | |
| DETECTIVE BRAD WACHTL, ) | |
| DETECTIVE DAVID DOBROWSKI, and ) | |
| RICHARD WILLIAMS, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Kevin Fox ("Fox"), brings this civil suit against the Office of the Sheriff of Will County, Detective Edward Hayes, Detective Michael Guilfoyle, Detective Scott Swearengen, Detective John Ruettiger, Detective Brad Wachtl, Detective David Dobrowski, and Richard Williams ("Defendants"). Fox's Second Amended Complaint alleges: violations of his federal civil rights, specifically, due process (Count I) and false arrest (Count II), pursuant to 42 U.S.C. § 1983; intentional infliction of emotional distress (Count III); false imprisonment (Count IV); *respondeat superior* (Count V); and conspiracy (Count VI). Presently before the Court is Fox's Motion to Stay this case pursuant to *Younger v. Harris*, 401 U.S. 37 (1971) (*Younger*).[1]

---

[1] Defendants have filed a motion to dismiss; and in their response to Plaintiff's Motion to Stay, Defendants refer the Court to consider arguments and authorities in Defendants' Memorandum of Law in Support of the Motion to Dismiss. The Court declines to do so. That memorandum will be considered when that motion is ruled upon.

## **BACKGROUND**

A reading of Fox's Second Amended Complaint supports the following alleged operative conduct of the parties. Fox discovered his 4-year-old daughter, Riley Fox ("Riley"), was missing from her bedroom. Fox and the authorities launched a massive search for Riley, only to discover her body in a stream a few miles from the family's home. For the next few months, Fox and his wife, Melissa Fox ("Melissa") cooperated with the authorities in the investigation, although no substantial leads had developed in the case.

On October 26, 2004, the Foxes received a call asking them to come to the sheriff's office because the officers on the case had something "important" to tell them. Kevin and Melissa Fox arrived at the sheriff's office at approximately 7:00 p.m., whereupon they were separated immediately and not allowed to speak to each other privately for over fourteen hours. During these fourteen hours, the Defendants interrogated Fox, accusing him of murdering Riley. In the process of these interrogations, the Defendants misled Fox as to the amount and strength of evidence they had against him, persuaded Fox that his chances to avoid conviction for murder were hopeless, used physical and psychological manipulation to intimidate Fox into adopting the Defendants' fabricated story about Riley's death, and made Fox give an involuntary statement implicating himself in Riley's death. After giving the statement, which the Defendants had told Fox would qualify him for involuntary manslaughter, not first-degree murder, the Defendants arrested and charged Fox with first-degree murder of Riley Fox. The State of Illinois is currently seeking the death penalty in the criminal proceedings against Fox.

## ANALYSIS

Fox seeks to stay this case under *Younger* abstention grounds. Specifically, Fox claims that proceeding with his due process and false arrest claims will interfere with the state court criminal proceedings against him because the issues in this case and the state court proceedings against him are essentially the same.

At issue in *Younger* was whether a state court criminal defendant could attack the constitutionality of a state statute in federal court by seeking injunctive relief. *Younger*, 401 U.S. at 39-40. The Supreme Court reasoned that comity existed between state and federal courts, a principle whereby federal courts respect state functions and restrain from interfering with criminal prosecutions. *Younger*, 401 U.S. at 44. In the Seventh Circuit, district courts may also stay proceedings seeking money damages against state entities while state criminal matters are being prosecuted because "the resulting federal judgment might undermine the [state] court's consideration of [the plaintiff's] constitutional defenses." *Simpson v. Rowan*, 73 F.3d 134, 138-39 (7th Cir.1995) (*Simpson*).

For *Younger* abstention to apply, certain criteria must be satisfied. As a preliminary matter, it must be determined whether, based on a reading of Fox's Second Amended Complaint and alleged operative conduct of the parties, litigating the federal claims in this case could interfere with the state court proceedings. *Simpson*, 73 F.3d at 138; *Robinson v. Lother*, 2004 WL 2032120, at *2 (N.D.Ill. Sept. 1, 2004) (*Robinson*). When *Younger* abstention is required, "the District Court has no discretion to dismiss rather than to stay claims for monetary relief that cannot be redressed in the state proceeding." *Simpson*, 73 F.3d at 138-39 (quoting *Deakins v. Monaghan*, 484 U.S. 193, 202 (1988)).

3

Once it is established that the federal case could interfere with the state proceedings, four additional criteria must be met. First, the proceedings in the state court must be ongoing and judicial in nature. *Robinson*, 2004 WL 2032120, at *2 (citing *Green v. Benden*, 281 F.3d 661, 666 (7th Cir.2002)). Secondly, the state proceedings must implicate important state interests. *Robinson*, 2004 WL 2032120, at *2. Third, the plaintiff must also have an adequate opportunity to present the constitutional issues of the federal claims in the state proceedings as well. *Robinson*, 2004 WL 2032120, at *2. Lastly, no "extraordinary circumstances" must exist that make it most appropriate to go forward in federal court instead of abstaining from hearing the federal case until after the state proceedings have been completed. *Robinson*, 2004 WL 2032120, at *2.

Defendants have failed to show why this case should not be stayed based on *Younger* abstention. First, the potential for friction between the state and federal courts regarding Fox's constitutional claims is clear. If the federal court determines that Fox's civil rights were violated in attempts to force a confession, this could clearly interfere with the state court's decision as to whether Fox's statement implicating himself is admissible in his criminal proceedings. Next, the criminal prosecution of Fox for murder is ongoing and judicial in nature. Third, the state's interests in the criminal proceedings are important and traditional state interests of public safety and well-being. Furthermore, Fox will have an adequate opportunity to present the constitutional issues in this case during the state proceedings as well. Fox's due process and false arrest contentions will most certainly be raised in determining the admissibility of evidence in Fox's criminal case. Finally, no extraordinary circumstances deem it most appropriate to go forward with Fox's civil case instead of abstaining until Fox's state proceedings are complete. While

4

Defendants allege that in the interest of equity and fairness to the seven Defendants, Fox's civil case should not remain pending until the end of the state proceedings, this argument is unpersuasive. Accordingly, Fox's civil case against the Defendants is stayed pursuant to *Younger* abstention until the completion of the state proceedings against Fox.

Dated: April 13, 2005

JOHN W. DARRAH
United States District Judge