UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| KEVIN FOX, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) | No. 04 C 7309 |
| v. | ) |  |
|  | ) | Judge John W. Darrah |
| OFFICE OF THE SHERIFF OF WILL COUNTY, | ) |  |
| DETECTIVE EDWARD HAYES, | ) |  |
| DETECTIVE MICHAEL GUILFOYLE, | ) |  |
| DETECTIVE SCOTT SWEARENGEN, | ) |  |
| DETECTIVE JOHN RUETTIGER, | ) |  |
| DETECTIVE BRAD WACHTL, | ) |  |
| DETECTIVE DAVID DOBROWSKI, and | ) |  |
| RICHARD WILLIAMS, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Kevin Fox ("Fox"), brings this civil suit against the Office of the Sheriff of Will County, Detective Edward Hayes, Detective Michael Guilfoyle, Detective Scott Swearengen, Detective John Ruettiger, Detective Brad Wachtl, Detective David Dobrowski, and Richard Williams ("Defendants"). Plaintiff alleges that Defendants deprived Plaintiff of due process (Count I) and falsely arrested Plaintiff (Count II), in violation of 42 U.S.C. § 1983. Plaintiff also brings state law causes of action for intentional infliction of emotional distress (Count III); false imprisonment (Count IV); *respondeat superior* (Count V); and conspiracy (Count VI). Presently before the Court is Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint. For the following reasons, that motion is denied.

## **LEGAL STANDARD**

In reviewing a motion to dismiss, the court reviews all facts alleged in the complaint and any reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). A plaintiff is not required to plead the facts or elements of a claim, with the exceptions found in Federal Rule of Civil Procedure 9. *See Swierkiewicz v. Sorema*, 534 U.S. 506, 511 (2002); *Walker v. Thompson*, 288 F.3d 1005, 1007 (7th Cir. 2002). Dismissal is warranted only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The "suit should not be dismissed if it is possible to hypothesize facts, consistent with the complaint, that would make out a claim." *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).

## **BACKGROUND**

A reading of Plaintiff's Second Amended Complaint supports the following alleged operative conduct of the parties. Plaintiff discovered his 4-year-old daughter, Riley Fox ("Riley"), was missing from her bedroom. Plaintiff and the authorities launched a massive search for Riley, only to discover her body in a stream a few miles from the family's home. For the next few months, Plaintiff and his wife, Melissa Fox ("Melissa"), cooperated with the authorities in the investigation, although no substantial leads had developed in the case.

On October 26, 2004, the Foxes received a call asking them to come to the sheriff's office because the officers on the case had something "important" to tell them. Plaintiff and Melissa arrived at the sheriff's office at approximately 7:00 p.m.; whereupon, they were separated immediately and not allowed to speak to each other privately for over fourteen hours. During

these fourteen hours, the Defendants interrogated Plaintiff, accusing him of murdering Riley. In the process of these interrogations, the Defendants misled Plaintiff as to the amount and strength of evidence they had against him, persuaded Plaintiff that his chances to avoid conviction for murder were hopeless, used physical and psychological manipulation to intimidate Plaintiff into adopting the Defendants' fabricated story about Riley's death, and made Plaintiff give an involuntary statement implicating himself in Riley's death. After giving the statement, which the Defendants had told Plaintiff would qualify him for involuntary manslaughter and not first-degree murder, the Defendants arrested and charged Plaintiff with first-degree murder of Riley. The State of Illinois is currently seeking the death penalty in the criminal proceedings against Plaintiff. At some point during the process, Defendants withheld exculpatory evidence from Plaintiff.

## ANALYSIS

Defendants seek to dismiss Count I of Plaintiff's Complaint, the due process claim, because no substantive due process claim may be brought when a specific constitutional provision protects the right allegedly violated. Defendants also contend that both of Plaintiff's § 1983 claims, Count I and Count II, are not ripe at the present time. Defendants further argue that the remaining state law claims should be dismissed because federal jurisdiction is lacking without the federal claims. Lastly, Defendants contend that even if the federal claims are not dismissed, Count VI, the conspiracy claim, should be dismissed because: (1) Plaintiff's claim is duplicative of his underlying tort claims and (2) Plaintiff's claim is barred by the intra-corporate conspiracy doctrine.

Defendants argue that Plaintiff's due process claim must be dismissed because a specific constitutional provision, the Fourth Amendment to the United States Constitution, protects Plaintiff against false arrests. *McCann v. Mangialandi*, 337 F.3d 782, 786 (7th Cir. 2003) (*McCann*). Defendants also argue that any continued imprisonment is also protected by the Fourth Amendment. *See Bergstrom v. McSweeney*, 294 F. Supp. 2d 961, 966 (N.D. Ill. 2003). Plaintiff contends his claim is based, in part, on a denial of procedural due process for Defendants' failure to disclose possible exculpatory evidence to Plaintiff, as required by *Brady v. Maryland*, 373 U.S. 83 (1963) (*Brady*). Plaintiff argues that his claim may be viable even though no criminal trial has yet to take place.

In *McCann*, the Seventh Circuit noted that rights premised on *Brady* are generally applicable at trial. *McCann*, 337 F.3d at 787. The *McCann* court reached this conclusion in examining the voluntary nature of a guilty plea when the government failed to disclose evidence that would exonerate the defendant. Such evidence, if withheld during plea negotiations or before the entry of the plea, is a denial of due process. The Seventh Circuit ruled that a due process claim would exist "if prosecutors or other relevant actors have knowledge of a criminal defendant's factual innocence but fail to disclose such information to a defendant before he enters into a guilty plea." *McCann*, 337 F.3d at 787.

The Second Amended Complaint sufficiently pleads a due process violation in this regard. The criminal prosecution is on-going in state court. Therefore, dismissal of the due process claim in Count I would be inappropriate at the present time.

As to Count II, Defendants assert Plaintiff's Second Amended Complaint alleges that Plaintiff was arrested because of his statement; and this statement is the only evidence the State of Illinois has to convict Plaintiff. The motion to dismiss tests the sufficiency of Plaintiff's allegations, and Count II sufficiently pleads a denial of due process.

Because federal claims still remain, dismissal of the remaining state claims for lack of subject matter jurisdiction is denied.

Lastly, Defendants argue that Count VI, the conspiracy claim, should be dismissed because: (1) Plaintiff's claim is duplicative of his underlying tort claims and (2) Plaintiff's claim is barred by the intra-corporate conspiracy doctrine.

Defendants argue that the conspiracy claim is duplicative of the underlying tort claims in that it does not allege any new facts or new defendants. However, Plaintiff is not required to allege facts in his Second Amended Complaint to support his conspiracy claim.

Defendants also contend that Plaintiff's claim is barred by the intra-corporate conspiracy doctrine. Under the intra-corporate conspiracy doctrine, an entity cannot conspire with its agents. *See Allen v. City of Chicago*, 828 F. Supp. 543, 564 (N.D. Ill. 1993) (*Allen*). However, Defendants have only presented cases demonstrating that the intra-corporate conspiracy doctrine applies to federal conspiracy issues, such as claims arising under 42 U.S.C. §§ 1983 and 1985. *See, e.g., Travis v. Illinois Dep't of Children & Family Servs.*, 40 F.3d 1492, 1508 (7th Cir. 1994); *Allen*, 828 F. Supp. at 564. Defendants have not presented any authority that Illinois applies the intra-corporate doctrine to Illinois civil claims for conspiracy.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint is denied.

Dated: May 26, 2005

JOHN W. DARRAH
United States District Judge

6