MHW

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEVIN FOX and MELISSA FOX, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 04 C 7309 |
| v. ) | |
| ) | Judge John W. Darrah |
| JEFFREY TOMCZAK, ) | |
| DETECTIVE EDWARD HAYES, ) | |
| DETECTIVE MICHAEL GUILFOYLE, ) | |
| DETECTIVE SCOTT SWEARENGEN, ) | |
| DETECTIVE JOHN RUETTIGER, ) | |
| DETECTIVE BRAD WACHTL, ) | |
| DETECTIVE DAVID DOBROWSKI, ) | |
| CHIEF DEPUTY JOHN MOSS, ) | |
| DEPUTY CHIEF NICK FICARELLO, ) | |
| LIEUTENANT DANIEL TAPPER, ) | |
| WILL COUNTY SHERIFF PAUL KAUPAS, ) | |
| RICHARD WILLIAMS, MARY JANE PLUTH, ) | |
| OFFICER JEANETTE BISHOP-GREEN, ) | |
| and WILL COUNTY, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Presently before the Court is Defendants' motion for mistrial and recusal. Defendants seek recusal and a declaration of mistrial in this case pursuant to 28 U.S.C. § 455(b)(1).

Section 455(b)(1) provides that a judge shall disqualify himself if he "has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1). The inquiry under § 455(b)(1) is an objective one; the determination is "whether a reasonable person would be convinced that the judge was biased." *Brokaw v. Mercer County*, 235 F.3d 1000, 1025 (7th Cir. 2000). Bias or prejudice must be proven by compelling evidence. *See Hook v. McDade*, 89 F.3d 350, 353 (7th Cir. 1996) (*Hook*).

The alleged bias, under § 455(b)(1), sufficient to warrant a recusal must stem from an extrajudicial source. *Liteky v. United States*, 510 U.S. 540, 554 (1994) (*Liteky*). "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555. "[E]xpressions of impatience, dissatisfaction, annoyance, and even anger" do not establish bias or partiality. *Hook*, 89 F.3d at 355 (citing *Liteky*, 510 U.S. at 540). "A judge's ordinary efforts at courtroom administration - even a stern and short-tempered judge's ordinary efforts at courtroom administration - remain immune." *Liteky*, 510 U.S. at 540.

Defendants' motion for recusal and mistrial is based on three grounds. Defendants allege that (1) the Court has accused Defendants' Counsel of making misrepresentations, (2) the Court has made antagonistic comments to Defendants' Counsel, and (3) the Court has advocated on behalf of Plaintiffs. None of these allegations, taken individually or cumulatively, would convince a reasonable person that the Court in this case is biased against the Defendants.

Defendants' first allegation concerns the Court's statements indicating dissatisfaction with Defendants' Counsel's candor to the Court. These statements have come in response to several instances in which a reasonable person could conclude that Defendants' Counsel had not been completely forthright. First among these instances was Defendants' Counsel's inability to provide the Court with a theory as to time of arrest, a critical issue in this case. On the eve of

2

trial, after three years of litigation, Defendants' Counsel was unable, or unwilling, to answer a simple question regarding Defendants' position regarding the time the when arrest occurred.[1]

A second instance, which Defendants raise in their motion, relates to the admissibility of alleged statements made by Kevin Fox regarding conduct related to adult video materials later found in the Fox home. At the pretrial conference on November 1, 2007, the Court stated on the record that it would take under advisement Plaintiffs' motion *in limine* regarding those video materials. Soon after, the Court cautioned the parties "when you get to that stage in your presentation where you know you're going to one of these things that is under advisement or is going to be the subject of a dispute, [to] alert the Court and we can hash this out at sidebar rather than going into it in front of the jury." (Transcript of pre-trial proceedings, November 1, 2007, at p. 24.) Although not specifically reflected in the transcript of the pretrial conference, all parties were particularly aware of the Court's primary concern with the issue of the admissibility of Kevin Fox's alleged statements regarding his conduct in this regard. Nonetheless, in Defendants' opening statement, counsel attempted to raise the issue while addressing the jury, without first

---

[1] Defendants' Counsel first informed the Court that the arrest occurred within a five-hour window, between 3:00 a.m. to 8:00 a.m. Counsel then narrowed that window to 3:00 a.m. to 4:00 a.m. The following day, Defendants' Counsel claimed that the arrest occurred at 6:00 a.m. Later he claimed the arrest occurred at 9:00 a.m.

3

raising the issue at sidebar, as directed. These instances, as well as others,[2] have caused the Court to be justifiably skeptical of certain representations made by Defendants' Counsel.

Defendants' Counsel next allege that antagonistic comments have been made by the Court. The comments cited by Defendants, while certainly indicating frustration, are not sufficient to require recusal under § 455(b)(1). *See Hook*, 89 F.3d at 355 (citing *Liteky*, 510 U.S. at 540). Furthermore, none of the comments cited by Defendants have been within the hearing of the jury and, thus, could not possibly prejudice the Defendants' right to a fair trial.

Finally, Defendants allege that the Court has advocated on behalf of Plaintiffs by questioning witnesses, interrupting Defendants' Counsel and expressing disapproval of Defendants' theories of the case. None of these actions come close to establishing grounds for recusal or mistrial. The Federal Rules of Evidence allow a judge to pose questions to a witness. Fed. R. Evid. 614(b). A party should object at that time or at the next opportunity when the jury is not present. Fed. R. Evid. 614(c). Defendants have not previously objected to this practice.

---

[2]In another instance, during redirect examination by Plaintiffs' counsel of one of Plaintiffs' witnesses, Defendants' Counsel objected to a question regarding DNA evidence. At sidebar, the Defense strenuously argued that introduction of this evidence, if an answer to the pending question was permitted, would be in violation of a ruling barring its admission. The Court initially rejected Defendants' assertion that such a ruling had been made. After reviewing the transcript of the witness's testimony up to the point of the objection, it was determined, as Plaintiffs claimed, that this evidence had actually been disclosed to the jury in response to a question asked by the Defense on cross-examination and that the Defense made no motion to strike the response at that time. It was also later determined that the Court order regarding the evidence, which was entered six months earlier, related to discovery issues. The Court specifically stated at that time that it was not ruling on the admissibility of the evidence and that the Defense could object to the admission of the evidence at the time of trial. The issue had not since been brought to the Court's attention and was not among the fifty-two motions *in limine* filed by the parties, which were discussed at pretrial conference. Other instances of similar conduct by Defendants' Counsel have occurred since the Defendants filed this motion and will not be addressed here.

Furthermore, interrupting counsel during opening statements or the questioning of a witness is a necessary part of the Court's role of ruling on the admissibility of evidence and preventing the jury from hearing inadmissible evidence. Likewise, discussing and evaluating Defendants' theories of the case and evidence in support thereof is necessary to understanding the parties' arguments regarding the admissibility of evidence and making correct rulings thereon. Any comments made to Defendants' Counsel regarding their theories, outside the presence of the jury, are immaterial to the questions of recusal or mistrial.

In sum, Defendants' allegations of bias are insufficient to require either recusal or declaration of mistrial. Defendants cannot point to any ruling by the Court that shows anything other than a fair and impartial administration of the Rules of Evidence. There have been no comments made in the hearing of the jury that would in any way prejudice them in favor of either party. Comments made by the Court expressing frustration and impatience with the manner in which Defendants have litigated this case are insufficient to require recusal under § 455(b)(1).

For the reasons stated above, Defendants' motion for recusal and mistrial is denied.

Dated: December 10, 2007

JOHN W. DARRAH
United States District Court Judge