cH

04 C 7309

Fox v. Will County, et. al.

Judge Darrah

Jury Instructions

**F I L E D**

DEC **1 8** 2007
Dec 18 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## INTRODUCTION

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy or public opinion to influence you.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

## ASKING QUESTIONS OF A WITNESS

During this trial, I have asked a witness a question myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

## STIPULATED TESTIMONY AND JUDICIAL NOTICE

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true or that a person would have given certain testimony.

I have taken judicial notice of certain facts. You must accept those facts as proved.

## STIPULATED TESTIMONY

The parties have stipulated or agreed what Jeffrey Tomczak's testimony would be if Jeffrey Tomczak were called as a witness. You should consider that testimony in the same way as if Jeffrey Tomczak had given the testimony here in court.

## DEPOSITIONS AS EVIDENCE

During the trial, certain testimony was presented to you by reading depositions. You should give this testimony the same consideration you would give it had the witnesses appeared and testified here in court.

## CERTAIN THINGS ARE NOT EVIDENCE

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

## NOTE-TAKING DURING TRIAL

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

## CONSIDERATION OF ALL EVIDENCE

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

## EVIDENCE ADMITTED FOR A LIMITED PURPOSE

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

## REASONABLE INFERENCES

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from the witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

11

## WEIGHING THE TESTIMONY OF WITNESSES

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- the witness's age;

- and the reasonableness of the witness's testimony in light of all the evidence in the case.

## PRIOR INCONSISTENT STATEMENTS

You may consider statements given by Party or a Witness under oath before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath or acted in a manner that is inconsistent with his of her testimony here in court, you may consider the earlier statement or conduct only in deciding whether his or her testimony here in court was true and what weight to give to his or her testimony here in court.

In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

## MEETING WITH WITNESSES

It is proper for a lawyer to meet with any witness in preparation for trial.

## EVERY WITNESS/EVERY EXHIBIT

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

## EXPERT WITNESSES

You have heard witnesses give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

## PREPONDERANCE OF EVIDENCE

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

17

## NUMBER OF WITNESSES

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

## MULTIPLE CLAIMS;
## MULTIPLE PLAINTIFFS/DEFENDANTS

You must give separate consideration to each claim and each party in this case. Although there are five defendants, it does not follow that if one is liable, any of the others are also liable. Although there are two plaintiffs, it does not follow that if one is successful, the other is too.

In considering a claim against a defendant, you must only consider evidence admitted against that defendant as to that claim.

## DEMONSTRATIVE EXHIBITS

Certain interview reenactment photographs and diagrams have been shown to you. Those interview reenactment photographs and diagrams are used for convenience and to help explain the facts of the case. They are not themselves evidence of any facts.

## CLEAR AND CONVINCING EVIDENCE

When I say that a particular party must prove something by "clear and convincing evidence," this is what I mean. When you have considered all of the evidence, you have no reasonable doubt that it is true.

This is a higher burden of proof than preponderance of the evidence which is "more probably true than not true." Clear and convincing evidence must persuade you that it is "highly probably true."

## THE CLAIMS OF KEVIN FOX

Plaintiff, Kevin Fox, has made six claims against Defendants, Edward Hayes, Scott Swearengen, Brad Wachtl, Michael Guilfoyle and the Estate of John Ruettiger:

First, that one or more of the defendants violated Plaintiff, Kevin Fox's constitutional right to due process of law;

Second, that one or more of the defendants caused Plaintiff, Kevin Fox to be falsely arrested;

Third, that one or more of the defendants caused Plaintiff, Kevin Fox to be maliciously prosecuted;

Fourth, that one or more of the defendants caused Plaintiff, Kevin Fox to suffer severe emotional distress;

Fifth, that one or more of the defendants caused Plaintiff, Kevin Fox to be falsely imprisoned;

Sixth, that two or more of the defendants conspired among themselves to deprive Plaintiff, Kevin Fox of his rights under Illinois law.

Plaintiff, Kevin Fox, also claims any judgment for compensatory damages against the Office of the Will County Sheriff as the employer of Defendants.

The Defendants deny all of these claims.

## THE CLAIMS OF MELISSA FOX

Plaintiff, Melissa Fox, has made three claims against Defendants, Edward Hayes, Scott Swearengen, Brad Wachtl, Michael Guilfoyle and the Estate of John Ruettiger:

That one or more of those Defendants caused Melissa Fox to suffer a loss of consortium;

Additionally, that Defendant Hayes caused Melissa Fox to suffer severe emotional distress.

Additionally, Plaintiff, Melissa Fox claims that two or more of Defendants, Edward Hayes, Scott Swearengen, Brad Wachtl, Michael Guilfoyle and the Estate of John Ruettiger, conspired to intentionally inflict emotional distress upon her.

Plaintiff, Melissa Fox, also claims any judgment for compensatory damages against the Office of the Will County Sheriff as the employer of Defendants.

The Defendants deny all of these claims.

### KEVIN FOX'S FIRST AND SECOND CLAIMS - Basis

Under the law, a person who believes that his constitutional rights have been violated by a defendant may file a lawsuit seeking an award of damages. Mr. Fox's first and second claims are brought pursuant to this law.

The United States Constitution guarantees that a person will not be deprived of liberty as a result of a defendant creating false evidence or statements allegedly pointing to Plaintiff's guilt by means of coercion, manipulation, and/or fabrication.

The United States Constitution prohibits seizures of persons for custodial interrogations without probable cause.

## KEVIN FOX'S FIRST CLAIM: DUE PROCESS VIOLATION

Plaintiff, Kevin Fox has the burden of proving by a preponderance of the evidence both of the following propositions against one or more of the following defendants, Edward Hayes, Scott Swearengen, Brad Wachtl, Michael Guilfoyle and the Estate of John Ruettiger, to recover for his Due Process claim:

First, that one or more of the defendants, while acting under color of law, created false evidence or statements allegedly pointing to Mr. Fox's guilt by means of improper coercion, manipulation and/or fabrication;

Second, that those acts or actions proximately caused damages sustained by Plaintiff, Kevin Fox.

If you find from your consideration of all of the evidence that Plaintiff, Kevin Fox, has proven both of these propositions as to a defendant, then you should find in favor of Plaintiff on his Due Process claim and against that Defendant.

If, however, you find from your consideration of all of the evidence that both of these propositions have not been proven as to a defendant, then you should find in favor of that Defendant and against Plaintiff Kevin Fox on his Due Process claim.

25

## KEVIN FOX'S SECOND CLAIM: FALSE ARREST

In this case, Plaintiff, Kevin Fox claims that Defendants falsely arrested him. To succeed on this claim, Plaintiff, Kevin Fox, must prove each of the following things by a preponderance of the evidence:

1. Defendants arrested Plaintiff, Kevin Fox.

2. Defendants did not have probable cause to arrest Plaintiff, Kevin Fox; and

3. Defendants were acting under color of law.

If you find that Plaintiff, Kevin Fox, has proved each of these things by a preponderance of the evidence, then you should find for Plaintiff, Kevin Fox, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff, Kevin Fox, has failed to prove any one of these things by a preponderance of the evidence, then you should find for Defendants, and you will not consider the question of damages.

26

## GENERAL: "UNDER COLOR OF LAW"

When I say that a person acts "under color of law," I mean that a person uses or misuses authority that he has because of his official position.

## DEFINITION OF PROBABLE CAUSE

Let me explain what "probable cause" means. There is probable cause for an arrest if at the moment the arrest was made, a prudent person would have believed that Plaintiff had committed a crime. In making this decision, you should consider what Defendant(s) knew and what reasonably trustworthy information Defendant(s) had received.

It is not necessary that Defendant(s) had probable cause to arrest Plaintiff, Kevin Fox, for the crime he was charged with, so long as Defendant(s) had probable cause to arrest him for one of those crimes.

Probable cause requires more than just a suspicion. But it does not need to be based on evidence that would be sufficient to support a conviction, or even a showing that Defendant's belief was probably right. The fact that Plaintiff was released prior to trial does not by itself mean that there was no probable cause at the time of his arrest.

## DEFINITION OF ARREST

An individual is under arrest when a reasonable person in the individual's position would have understood the circumstances to constitute a restraint on freedom of movement of the degree which the law associates with formal arrest.

## INVESTIGATION

Facts and circumstances within an officer's knowledge that would lead a reasonable person to conclude that a suspect has not committed a crime and which tend to negate probable cause, or which would tend to sway the probable cause analysis in favor of a suspect must be considered in determining whether probable cause existed.

If there was probable cause to arrest, Defendants Edward Hayes, Michael Guilfoyle, Scott Swearengen, Brad Wachtl and the Estate of John Ruettiger, did not need to do more investigation to uncover evidence that Plaintiff Kevin Fox was innocent.

## KEVIN FOX'S THIRD CLAIM: MALICIOUS PROSECUTION

Under Illinois law, Plaintiff Kevin Fox must establish by a preponderance of evidence all of the following propositions against one or more of the following defendants, Edward Hayes, Scott Swearengen, Brad Wachtl, Michael Guilfoyle and the Estate of John Ruettiger, to recover for his Malicious Prosecution claim:

First, the commencement or continuation of a criminal proceeding by the defendant (s);

Second, the termination of the proceeding in favor of the plaintiff, Kevin Fox;

Third, the absence of probable cause for such proceeding;

Fourth, the presence of malice; and

Fifth, damages resulting to the plaintiff.

A defendant is considered to have commenced criminal proceedings if he initiated a criminal proceeding or his participation was of so active and positive a character as to amount to advice and cooperation.

Malice is proved by showing that the prosecution was set in motion as a result of improper motives. Although a lack of probable cause does not in and of itself establish malice, malice can be inferred from a lack of probable cause if there is no credible evidence which refutes that inference.

Thus, if you find from your consideration of all of the evidence that Plaintiff, Kevin Fox, has proven each of the propositions listed above as to one or more defendants, then you should find in favor of Plaintiff on his Malicious Prosecution claim.

If, however, you find from your consideration of all of the evidence that each of the propositions listed above has not been proven with respect to one or more defendants then you

should find against Plaintiff Kevin Fox and in favor of the defendant (s) on his Malicious

Prosecution claim.

## KEVIN FOX'S FOURTH CLAIM:
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Under Illinois law, Plaintiff Kevin Fox must establish by a preponderance of evidence all of the following propositions against one or more of the following defendants, Edward Hayes, Scott Swearengen, Brad Wachtl, Michael Guilfoyle and the Estate of John Ruettiger, in order to recover for his Intentional Infliction of Emotional Distress claim:

First, the defendant(s) acted in a manner that was extreme and outrageous;

Second, the defendant(s) either intended that the conduct should inflict severe emotional distress or knew there was a high probability that the conduct would cause emotional distress;

Third, the conduct did in fact cause Plaintiff, Kevin Fox to suffer severe emotional distress.

Extreme and outrageous conduct means conduct that is so outrageous in character, and so extreme in degree as to go beyond all possible bounds of decency in a civilized community, and is such that the intensity and duration of the distress inflicted is so severe that no reasonable person of ordinary sensibilities could be expected to endure it.

Thus, if you find from your consideration of all of the evidence that Plaintiff, Kevin Fox, has proven each of the propositions listed above as to one or more defendants, then you should find in favor of Plaintiff on his Intentional Infliction of Emotional Distress claim.

If, however, you find from your consideration of all of the evidence that each of the propositions listed above has not been proven with respect to one or more defendants then you should find against Plaintiff Kevin Fox and in favor of the defendant (s) on his Intentional Infliction of Emotional Distress claim.

33

## KEVIN FOX'S FIFTH CLAIM – FALSE IMPRISONMENT

In this case, Plaintiff Kevin Fox claims that one or more of the following defendants, Edward Hayes, Scott Swearengen, Brad Wachtl, Michael Guilfoyle, and the Estate of John Ruettiger falsely imprisoned him.

To succeed on this claim, Plaintiff Kevin Fox much prove each of the following by a preponderance of the evidence:

First, that he was restrained or arrested by one or more of the Defendants; and

Second, that the Defendant or Defendants acted without probable cause; and

Third, that Defendant of Defendants acted willfully and wantonly

Willful and wanton conduct is a course of action, which shows an actual or deliberate intention to cause harm, or if not intentional, shows an utter indifference to or conscious disregard for the safety of others or their property. Willful and wanton conduct is more than mere inadvertence, incompetence, or unskillfulness.

Thus, if you find from your consideration of all the evidence that Plaintiff, Kevin Fox, has proven each of the propositions listed above by a preponderance of the evidence, as to one or more defendants, then you should find in favor of Plaintiff on his false imprisonment claim.

If you find that the Plaintiff Kevin Fox has failed to prove any one of these elements by a preponderance of the evidence, then you should find for the Defendants, and you will not consider the question of damages.

## KEVIN FOX'S SIXTH AND MELISSA FOX'S THIRD CLAIM –
## CONSPIRACY - DEFINITION

A conspiracy is a combination of two or more persons, by concerted action to accomplish some unlawful purpose, or to accomplish some lawful purpose by unlawful means. A conspiracy is a kind of partnership, in which each member becomes the agent of every other member. The essence of a conspiracy is a combination or agreement to violate or to disregard the law.

Mere similarity of conduct among various persons and the fact that they may have associated with each other and may have assembled together and may have discussed some common aims and interests is not necessarily proof of the existence of a conspiracy.

However, the evidence in the case need not show that the members entered into any express or formal agreement, or that they directly, by words spoken or in writing, stated between themselves what their object or purpose was to be, or the details thereof, or the means by which the object or purpose was to be accomplished. In order to establish that a conspiracy existed, Plaintiffs Kevin and Melissa Fox must show that members of the conspiracy in some way or manner, or through some contrivance, positively or tacitly came to a mutual understanding to try to accomplish a common and unlawful plan.

The evidence in the case need not show that all the means or methods set forth in the Plaintiffs' complaint were agreed upon to carry out the alleged conspiracy, nor that all means or methods which were agreed upon were actually used or put into operation; nor that all persons alleged to have been members of the claimed conspiracy were members of the conspiracy.

## KEVIN FOX'S SIXTH AND MELISSA FOX'S THIRD CLAIM – CONSPIRACY – ELEMENTS

In order to recover damages from Defendants Edward Hayes, Michael Guilfoyle, Scott Swearengen, Brad Wachtl, the Estate of John Ruettiger, Plaintiffs Kevin Fox and Melissa Fox must establish each of the following elements:

First: Two or more of the Defendants agreed to conspire;

Second: The purpose of the conspiracy was to falsely arrest, falsely imprison and maliciously prosecute Kevin Fox and intentionally inflict severe emotional distress on Kevin Fox and/or Melissa Fox;

Third: Defendants conspired to falsely arrest, falsely imprison and maliciously prosecute Kevin Fox and intentionally inflict severe emotional distress on Kevin Fox and/or Melissa Fox;

Fourth: Two or more of these Defendants did, or caused to be done, an act in furtherance of the object of the conspiracy; and

Fifth: Plaintiffs Kevin and Melissa Fox suffered some injury as a result of the Defendants' conspiracy.

## KEVIN FOX'S SIXTH AND MELISSA FOX'S THIRD CLAIM –
## CONSPIRACY — KNOWINGLY

Before you may find that a Defendant has become a member of a conspiracy, it must be shown that the conspiracy was knowingly formed, and that the Defendant who is claimed to have been a member knowingly participated in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy. To act or participate knowingly means to act or participate voluntarily and intentionally and not because of mistake, accident or other innocent reason.

## MELISSA FOX'S FIRST CLAIM - LOSS OF CONSORTIUM

If you decide for Kevin Fox on any of his claims, then you must fix the amount of money which will reasonably and fairly compensate Melissa Fox for any of the following elements of damages arising out of injuries to her proved by the evidence to have resulted from the wrongful conduct of the defendant(s).

The reasonable value of the society, companionship and sexual relationship with Kevin Fox of which she was deprived.

## MELISSA FOX'S SECOND CLAIM
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Under Illinois law, Plaintiff Melissa Fox must establish by a preponderance of evidence all of the following propositions against one or more of the following defendants, Edward Hayes, Scott Swearengen, Brad Wachtl, Michael Guilfoyle and the Estate of John Ruettiger, in order to recover for her Intentional Infliction of Emotional Distress claim:

First, the defendant(s) acted in a manner that was extreme and outrageous;

Second, the defendant(s) either intended that the conduct should inflict severe emotional distress or knew there was a high probability that the conduct would cause emotional distress;

Third, the conduct did in fact cause Plaintiff, Melissa Fox to suffer severe emotional distress.

Extreme and outrageous conduct means conduct that is so outrageous in character, and so extreme in degree as to go beyond all possible bounds of decency in a civilized community, and is such that the intensity and duration of the distress inflicted is so severe that no reasonable person of ordinary sensibilities could be expected to endure it.

Thus, if you find from your consideration of all of the evidence that Plaintiff, Melissa Fox, has proven each of the propositions listed above as to one or more defendants, then you should find in favor of Plaintiff on her Intentional Infliction of Emotional Distress claim.

If, however, you find from your consideration of all of the evidence that each of the propositions listed above has not been proven with respect to one or more defendants then you should find against Plaintiff, Melissa Fox and in favor of the defendant (s) on her Intentional Infliction of Emotional Distress claim.

39

## DAMAGES: PREFATORY INSTRUCTION

If you find that Plaintiff, Kevin Fox has proved any of his claims against any of Defendant(s), then you must determine what amount of damages, if any, Kevin Fox is entitled to recover from that Defendant.

If you find that Plaintiff, Kevin Fox has proved any of his claims against any of Defendant(s), then you must determine what amount of damages, if any, Plaintiff, Melissa Fox is entitled to recover from each Defendant as to her Loss of Consortium Claim.

If you find that Plaintiff, Melissa Fox has proved any of her additional claims against any of Defendant(s), then you must determine what amount of damages, if any, Melissa Fox is entitled to recover from each Defendant on each claim she has proven.

If you find that Plaintiff, Kevin Fox has failed to prove all of his claims, then you will not consider the question of damages.

If you find that Plaintiff, Melissa Fox has failed to prove all of her claims, then you will not consider the question of damages.

## NO NEED TO CONSIDER DAMAGES INSTRUCTION

If you decide for all of the Defendants on the question of liability, then you should not consider the question of damages.

### COMPENSATORY DAMAGES

If you find in favor of Plaintiffs, Kevin and Melissa Fox, then you must determine the amount of money that will fairly compensate Plaintiffs, Kevin and Melissa Fox, for any injury that you find they sustained as a direct result of the Defendant(s) actions. These are called "compensatory damages."

Plaintiffs must prove their damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

1. The physical and emotional pain and suffering and loss of a normal life that Plaintiffs have experienced. No evidence of the dollar value of physical or emotional pain and suffering or loss of a normal life has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate the Plaintiffs for the injury they have sustained.

2. The amount of money Kevin Fox expended in legal fees in defending the criminal charges brought against Kevin Fox.

Further, if you find in favor of Plaintiff, Kevin Fox, then you must determine the amount of money that will fairly compensate Plaintiff, Melissa Fox, as to her loss of consortium claim.

## DAMAGES: PUNITIVE

If you find for Plaintiff Kevin Fox on any of his claims, except his claim for intentional infliction of emotional distress, you may, but are not required to, assess punitive damages against Defendant(s). If you find for Plaintiff Melissa Fox on her claim of conspiracy to commit intentional infliction of emotional distress, you may, but are not required to, assess punitive damages against Defendant(s). The purposes of punitive damages are to punish a defendant for his or her conduct and to serve as an example or warning to Defendant and others not to engage in similar conduct in the future.

Plaintiffs must prove by a preponderance of the evidence that punitive damages should be assessed against Defendant(s). You may assess punitive damages only if you find that his or her conduct was malicious or in reckless disregard of one or both Plaintiffs' rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring Plaintiffs. Conduct is in reckless disregard of Plaintiffs' rights if, under the circumstances, it reflects complete indifference to Plaintiffs' safety or rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward either/any party. In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of Defendant(s) conduct;
- the impact of Defendant(s) conduct on Plaintiffs;
- the relationship between Plaintiffs and Defendant(s);

43

- the likelihood that Defendant(s) would repeat the conduct if an award of punitive damages is not made;

- the relationship of any award of punitive damages to the amount of actual harm the Plaintiffs suffered.

## PRESIDING JUROR

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in, and date the appropriate form, and all of you will sign it.

45

## COMMUNICATION WITH THE COURT

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

## UNANIMOUS VERDICT

The verdicts must represent the considered judgment of each juror. Your verdicts, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

## VERDICT FORM (KEVIN FOX'S CLAIMS)

**Plaintiff, Kevin Fox's Due Process Claim**

We, the jury, as to the Due Process claim of Plaintiff, Kevin Fox, find as follows:

| | For Plaintiff, Kevin Fox and award damages in the Following amount(s) | For Defendant |
|---|---|---|
| Edward Hayes | $ _____ | _____ |
| Scott Swearengen | $ _____ | _____ |
| Michael Guilfoyle | $ _____ | _____ |
| Brad Wachtl | $ _____ | _____ |
| Estate of John Ruettiger | $ _____ | _____ |

**Plaintiff, Kevin Fox's False Arrest Claim**

We, the jury, as to the False Arrest claim of Plaintiff, Kevin Fox, find as follows:

| | For Plaintiff, Kevin Fox and award damages in the Following amount(s) | For Defendant |
|---|---|---|
| Edward Hayes | $ _____ | _____ |
| Scott Swearengen | $ _____ | _____ |
| Michael Guilfoyle | $ _____ | _____ |
| Brad Wachtl | $ _____ | _____ |
| Estate of John Ruettiger | $ _____ | _____ |

**Plaintiff, Kevin Fox's Malicious Prosecution Claim**

We, the jury, as to the Malicious Prosecution claim of Plaintiff, Kevin Fox, find as follows:

|  | For Plaintiff, Kevin Fox and award damages in the Following amount(s) | For Defendant |
|---|---|---|
| Edward Hayes | $ _____ | _____ |
| Scott Swearengen | $ _____ | _____ |
| Michael Guilfoyle | $ _____ | _____ |
| Brad Wachtl | $ _____ | _____ |
| Estate of John Ruettiger | $ _____ | _____ |

**Plaintiff, Kevin Fox's Intentional Infliction of Emotional Distress Claim**

We, the jury, as to the Intentional Infliction of Emotional Distress Claim of Plaintiff, Kevin Fox, find as follows:

|  | For Plaintiff, Kevin Fox and award damages in the Following amount(s) | For Defendant |
|---|---|---|
| Edward Hayes | $ _____ | _____ |
| Scott Swearengen | $ _____ | _____ |
| Michael Guilfoyle | $ _____ | _____ |
| Brad Wachtl | $ _____ | _____ |
| Estate of John Ruettiger | $ _____ | _____ |

**Plaintiff, Kevin Fox's False Imprisonment Claim**

We, the jury, as to the False Imprisonment claim of Plaintiff, Kevin Fox, find as follows:

|  | For Plaintiff, Kevin Fox and award damages in the Following amount(s) | For Defendant |
|---|---|---|
| Edward Hayes | $ _____ | _____ |
| Scott Swearengen | $ _____ | _____ |
| Michael Guilfoyle | $ _____ | _____ |
| Brad Wachtl | $ _____ | _____ |
| Estate of John Ruettiger | $ _____ | _____ |

**Plaintiff, Kevin Fox's Conspiracy Claim**

We, the jury, as to the Conspiracy claim of Plaintiff, Kevin Fox, find as follows:

(For each, check one and only one of the choices, ie. For either the Plaintiff or the defendant)

|  | For Plaintiff, Kevin Fox | For Defendant |
|---|---|---|
| Edward Hayes | _____ | _____ |
| Scott Swearengen | _____ | _____ |
| Michael Guilfoyle | _____ | _____ |
| Brad Wachtl | _____ | _____ |
| Estate of John Ruettiger | _____ | _____ |

The Total Value of Damages For Kevin Fox's Conspiracy Claim: $ _____.

## KEVIN FOX - PUNITIVE DAMAGES

We award the following punitive damages to Plaintiff, Kevin Fox:

(To be filled out in the event you have found for Kevin Fox

on one or more of the claims above)

As to Edward Hayes               $_____

As to Scott Swearengen           $_____

As to Michael Guilfoyle          $_____

As to Estate of John Ruettiger   $_____

As to Brad Wachtl                $_____

## TOTAL AWARD OF DAMAGES

We award the following damages to Plaintiff, Kevin Fox:

Total Damages:          $ _____
                          (Add Total of Damages of all claims of Kevin Fox )


_____          _____
Foreperson


_____          _____


_____          _____


_____          _____


_____          _____

## VERDICT FORM (MELISSA FOX'S CLAIMS)

**Plaintiff, Melissa Fox's Loss Of Consortium Claim:**

We, the jury, as to the Loss Of Consortium claim of Plaintiff, Melissa Fox, find as

follows:

|  | For Plaintiff, Melissa Fox and award damages in the Following amount(s) | For Defendant |
|---|---|---|
| Edward Hayes | $ _____ | _____ |
| Scott Swearengen | $ _____ | _____ |
| Michael Guilfoyle | $ _____ | _____ |
| Brad Wachtl | $ _____ | _____ |
| Estate of John Ruettiger | $ _____ | _____ |

**Plaintiff, Melissa Fox's Intentional Infliction of Emotional Distress Claim Against Edward Hayes**

We, the jury, as to the Intentional Infliction of Emotional Distress claim of Plaintiff, Melissa Fox, against Edward Hayes, find as follows:

For Plaintiff, Melissa Fox
and award damages in the
Following amount(s)

For Defendant, Edward Hayes

$ _____          _____

53

**Plaintiff, Melissa Fox's Conspiracy Claim**

We, the jury, as to the Conspiracy claim of Plaintiff, Melissa Fox, find as follows:

(For each, check one and only one of the choices, ie. For either the Plaintiff or the defendant)

|  | For Plaintiff, Melissa Fox | For Defendant |
|---|---|---|
| Edward Hayes | _____ | _____ |
| Scott Swearengen | _____ | _____ |
| Michael Guilfoyle | _____ | _____ |
| Brad Wachtl | _____ | _____ |
| Estate of John Ruettiger | _____ | _____ |

The Total Value of Damages For Melissa Fox's Conspiracy Claim: $ _____.

## MELISSA FOX - PUNITIVE DAMAGES

We award the following punitive damages to Plaintiff, Melissa Fox:

(To be filled out in the event you have found for Melissa Fox on one or more of the claims above)

| | |
|---|---|
| As to Edward Hayes | $_____ |
| As to Scott Swearengen | $_____ |
| As to Michael Guilfoyle | $_____ |
| As to Estate of John Ruettiger | $_____ |
| As to Brad Wachtl | $_____ |

54

## TOTAL AWARD OF DAMAGES

We award the following damages to Plaintiff, Melissa Fox:

Total Damages:        $ _____

(Add Total of Damages of all claims of Melissa Fox )

_____          _____

Foreperson

_____          _____

_____          _____

_____          _____

_____          _____

55