UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEVIN FOX and MELISSA FOX, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) No. 04 C 7309 |
| v. | ) |
| | ) Judge John W. Darrah |
| WILL COUNTY, et al. | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs' Amended Bill of Costs. Plaintiffs' original Bill of Costs requested $293,201.46. Defendants filed a response, arguing that Plaintiffs were entitled to recover only $19,085.25. Plaintiffs were then granted leave to file an Amended Bill of Costs, which requests $214,254.93. Defendants argue that only $49,679.17 is recoverable.

"Unless a federal statute, [the Federal Rules of Civil Procedure], or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d). Recoverable costs, as set forth in 28 U.S.C. § 1920, include: (1) fees of the clerk, (2) fees for transcripts, (3) fees for printing and witnesses, (4) fees for copies of papers necessarily obtained for use in the case, (5) docket fees, and (6) compensation of court-appointed experts and interpreters. There is a strong presumption favoring the award of costs to the prevailing party. *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997).

*Deposition Costs*

Plaintiffs claim $53,145.45 for court reporter fees from various depositions. Defendants raise several objections and argue that Plaintiffs are only entitled to $40,778.85. Defendants argue that the amount claimed must be reduced because (1) several invoices contain no

indication of the page count and/or the number of copies delivered; (2) that the maximum allowable rate per page is $3.30 rather than the higher amounts charged in some invoiced;[1] (3) delivery costs, costs for additional copies and costs for alternative formats such as electronic delivery and disks are not recoverable; and (4) Plaintiffs have not sufficiently justified their claimed need for expedited transcripts in the instances that they were requested. Defendants are correct on all of these points. Adopting these changes, the Court recalculates that total to which Plaintiffs are entitled for court reporter fees for depositions to be $42,699.85.

*Pretrial and Trial Transcript Costs*

Plaintiffs claim $718.95 for transcripts from pretrial court appearances and $20,131.59 in court reporter fees for daily trial transcripts for a total of $20,850.54. Defendants argue that none of these costs are justified. The factors to consider in deciding whether to tax costs for daily trial transcripts are: (1) the length of the trial and the complexity of the issues, (2) whether a daily transcript was necessary to minimize disagreement over the testimony of witnesses, (3) whether proposed findings of fact were required, (4) whether the case involved expert witnesses whose cross-examination required knowledge of the exact wording of their previous testimony or that of any other witness, (5) the size of the claim, (6) and the importance of witness credibility. *Ernst v. Anderson*, 2006 WL 163024 at *2 (N.D. Ill. 2006) (citing *Independence Tube Corp. v. Copperweld Corp.*, 543 F.Supp. 706, 719 (N.D. Ill.1982)). Here, the first, second, fifth and sixth factors weigh heavily in favor of allowing costs for the daily trial transcripts. Thus, those costs

---

[1] $3.30 per page is the rate for depositions taken before October 29, 2007. For depositions taken on or after that date, the maximum rate is $3.65 per page.

will be allowed. However, Plaintiffs have not given any explanation as to why the transcripts for the pretrial court appearances were necessary. Thus, those costs will not be allowed.

*Exemplification and Photocopying Costs*

Plaintiffs claim $49,790.52 in costs for copying and exemplification. Defendants argue that this amount should be greatly reduced. Exemplification costs – costs associated with the preparation of exhibits – are recoverable so long as they are reasonable. *Nilssen v. Osram Sylvania, Inc*, 2007 WL 257711 at *5 (N.D. Ill.2007)(*Nilssen*). Reasonable costs of copying of documents attributable to the production of discovery and of pleadings are recoverable; generally, a party may recover the costs associated with one copy of discovery production documents and two copies of pleading documents. *Nilssen*, 2007 WL 257711 at *6. The party seeking costs must provide sufficient information for the court to determine whether the copies were reasonable and necessary. *Nilssen*, 2007 WL 257711 at *6.

Defendants raise a number of objections to the costs sought by Plaintiffs for copying at Landmark Legal Solutions. Defendants first object to the per-page rate sought by Plaintiffs. The invoices submitted by Plaintiffs from Landmark Legal Solutions show per-page costs as low as $0.11 and as high as $0.18. Defendants argue that the rate should be reduced to $0.11 per page for all copies made. Courts in this District have found that copying costs between $0.10 and $0.20 per page are reasonable. *See Vito & Nick's, Inc. v. Barraco*, 2008 WL 4594347 at *5 (N.D. Ill. 2008). Thus, the cost per page will not be reduced.

Defendants next argue that charges from Landmark Legal Solutions for "custom labels," twenty-one copies of "VHS conversion," and numerous copies of "video-duplication," "CD duplication," and "audio duplication" are not recoverable because more copies were made than is

3

allowable and Plaintiffs have not adequately justified these costs. Furthermore, Defendants argue, copying costs for Defendants' video evidence, later ruled inadmissible by the Court, should not be allowed.

Defendants' objections on these points are largely baseless. Plaintiffs' supporting documents appear to demonstrate that they did not make twenty-one copies of the same VHS tape. Plaintiffs' Bill of Costs states that the copies were made of *videos* (plural) turned over by Defendants in discovery. Defendants' argument regarding the admissibility of certain video-taped evidence also is not persuasive. A party cannot be expected to sort through an opponent's document production and copy only what it guesses will be later ruled admissible. However, the $21.00 charge for "custom labels" does not seem to be a reasonable expense. Thus, that charge will be subtracted from the total amount sought by Plaintiffs for copying at Landmark Legal Solutions.

Defendants next object to Plaintiffs' submission of costs from a number of other vendors for copying and printing. Defendants argue that Plaintiffs have not adequately justified these costs and that the invoices do not indicate the number of pages or the per-page rate.

The $777.81 costs sought by Plaintiffs for copying of "medical records and records from Defendants" will not be allowed. Plaintiffs do not explain what records, other than medical records, were copied or why these records were reasonably necessary. Furthermore, the receipts submitted do not indicate the per-page cost, making it impossible to determine the reasonableness of the per-page rate.

The $776.80 for the "copy of record for appeal" will be allowed as Defendants have no specific objection, and the per-page cost appears to have been under $0.10.

4

The $299.34 Plaintiffs seek for "copies and blow-ups" will not be allowed as neither the receipts themselves nor Plaintiffs' explanations indicate why these costs were necessary.

The $107.10 sought for copies of pleadings during trial will not be allowed as the receipts submitted do not indicate the per-page rate paid.

The $225.00 sought for charges by Video Monitoring Services will not be allowed as Plaintiffs have not explained why this cost was necessary.

The $112.50 sought for copying Defendant Hayes' records from the Alsip Police Department will be allowed but reduced to $90.00, reflecting a per-page rate of $0.20 rather than the $0.25 per-page rate actually charged.

Defendants object to the $26,135.28 Plaintiffs seek to recover for litigation support services provided by Liticorp. The invoice includes amounts for items that are clearly not taxable, such as "Loop Parking Fee" and "Trial Consulting" and others that might be taxable had more information been provided, such as "Graphics Creation." However, other than the invoice itself and the index entry "$26,135.28 to Liticorp for litigation support services," Plaintiffs have not made any effort to justify these expenses. Thus, they have not shown that they were reasonably necessary.

Defendants next object to the $4,560.70 Plaintiffs seek to recover for payments to Photos & Video by Chamberlain. Plaintiffs have represented that these charges were incurred in preparing exhibits for trial, in some cases specifying the witness or portion of the trial for which they were used. However, the invoices include fees for rush service and deliveries, which are not recoverable. Thus, the amount taxed will be accordingly reduced to $3,734.23.

Charges of $3,800.00 paid to Chicago Motion Picture Studio and $10,875.00 paid to Evidence Video will not be allowed. Plaintiffs incurred these charges in production of a re-enactment video, which was not offered at trial. Thus, it was not reasonably necessary.[2]

Thus, the total amount awarded to Plaintiffs for copying and exemplification is $6,701.02.

*Fees and Expenses for Experts and Witnesses*

Plaintiffs claim a total of $88,063.00 for fees and expenses of expert witnesses and $740.00 for fees and expenses of other witnesses. Witness attendance is allowable at $40.00 per day. *Nilssen*, 2007 WL 257711 at *4. Actual travel expenses for witnesses are allowable so long as the witness uses "a common carrier at the most economical rate reasonably available." 28 U.S.C. § 1821(c)(1); 28 U.S.C. § 1920. A per diem allowance is recoverable but limited to the rates set by the Administrator of General Services. In this case, for lodging and meals in Chicago, that allowance is $138.00 to $173.00 for lodging, depending on the month, and $64.00 per full day and $48.00 for the first and last day of travel for meals and incidental expenses. With regard to expert fees, Defendants do not dispute charges for time spent by experts in preparation for deposition and for time at deposition. However, they object to Plaintiffs' attempts to recover expert fees for time spent preparing reports or consulting with Plaintiffs' attorneys. These costs are not recoverable. *See Nilssen*, 2007 WL 257711 at *4.

Plaintiffs seek a total of $8,795.00 in fees and expenses for their expert witness, Dr. Ann Burgess. Of this amount, the $5,500.00 sought for consultation, document review and

---

[2]Still photos used from the shoot were admitted into evidence and, thus, the cost in producing them would be recoverable. However, Plaintiffs have not broken out the charges attributable to the still shots alone, and the Court has no way of doing so.

6

the writing of a report is not recoverable. Plaintiffs seek $2,500.00 for Burgess's deposition. Although Defendants object that the invoice lacks sufficient detail, this cost will be allowed. Additionally, Plaintiffs may recover costs of Burgess's lodging for one night at a rate of $173.00. Plaintiff has not submitted documentation for Burgess's airfare, meals or incidentals and, thus, those costs will not be taxed.

Plaintiffs seek $16,748.93 in fees and expenses for their expert witness, Dr. David Raskin. Plaintiffs may recover $346.00 for Raskin's two days of lodging in Chicago, $80.00 for his two days of trial testimony and $40.55 for a receipt submitted for meals and incidentals. Plaintiffs submit an invoice from Raskin, listing $1,876.50 for air and ground transportation. However, the underlying receipt for the travel was not submitted and it cannot be determined whether this charge was incurred through the use of "a common carrier at the most economical rate reasonably available," as required under § 1821. Plaintiffs also submit an invoice covering Raskin's charges for his deposition. However, the invoice mixes permissible costs such as charges for deposition preparation and the deposition itself, with impermissible charges, such as travel. Neither Raskin's hourly rate nor hours spent on these tasks are listed. Thus, it is impossible to determine what amount should be taxed to Defendants. Therefore, this cost will not be allowed.

Plaintiffs seek $16,976.81 in expenses for their expert, Dr. Richard Ofshe. Of this, much is for charges that are not recoverable, such as time billed for travel, review of case materials and consultation with Plaintiffs' attorney. Plaintiffs may recover $1,000.00 paid to Ofshe for his deposition preparation and $1,000.00 for his deposition, four hours each billed at a rate of $250.00 per hour. They may also recover $95.00 for lodging at Ofshe's deposition at the

maximum allowable for lodging where Ofshe's deposition occurred. Plaintiffs may not recover for airfare, meals or incidentals as no receipts have been provided.

Plaintiffs request $11,290.00 for expenses of their expert, Joseph Buckley. Of this, Plaintiffs may recover $1,540.00 ($1,500.00 for Buckley's six-hour deposition at $250.00 per hour and a $40.00 witness fee). Plaintiffs' documentation does not specify how many of the thirty-nine hours, if any, that Buckley spent in "review and analysis" of case documents, from December 2006 through October 2007, was in preparation for his deposition.

Plaintiffs seek $5,467.60 for expenses of their expert, Karl Reich. Of this, Plaintiffs may recover $80.00 for two days of testimony and $750.00 for time spent reviewing his deposition. Plaintiffs do not offer any receipts in support of the claimed travel expenses nor do they specify how much time of the six hours listed under "Deposition/Consultation with Attorney Zeller" was spent in the deposition.

Plaintiffs claim $8,796.58 in expenses for their expert, Marcus DeGraw. Of this, Plaintiffs may recover $80.00 in witness fees for DeGraw's two days of testimony, $346.00 for his two nights' lodging, and $3,000.00 for DeGraw's deposition and deposition prep time. Plaintiffs may not recover for other expenses, such as time spent preparing other materials for the case or for travel time.

Plaintiffs seek $3,302.50 in expenses for their expert, Dr. Ruth Kuncel. Plaintiffs are entitled to $40.00 for Kuncel's one day of trial testimony. Plaintiffs may not recover costs for Kuncel's other activities, such as her preparation of her expert report or trial preparation. Plaintiffs do not submit receipts in support of Kuncel's travel expenses.

Plaintiffs seek $7,300.00 for the preparation of Dr. Philip Esplin's expert report. As explained above, these costs are not recoverable. Esplin was not deposed and did not testify. Thus, no costs will be awarded.

Plaintiffs seek $1,435.99 in expenses for their expert, Patrick Flood. Of this amount, Plaintiffs may only recover $1,230.00 (0.8 hours of deposition preparation time and 3.3 at the deposition, billed at $300.00 per hour).

Plaintiffs seek $450.00 in expenses for their expert, Harry Bennigson, all of which is for the creation of his expert report. This is not a taxable cost and, thus, it will not be allowed.

Plaintiffs seek $7,500.00 in expenses for their expert, Bennett Gershman. This cost will not be allowed as Plaintiffs have failed to submit any detailed invoice showing how this amount was incurred. Instead, they provide a letter from Gershman, listing "Compensation paid thus far" as $7,500.00. This is not sufficient.

Plaintiffs seek costs for witness fees for eighteen individuals at $40.00 per day. As Defendants point out, some of these individuals did not testify at trial and Plaintiff makes no argument as to why they are entitled to fees. Thus, Plaintiffs will be awarded costs only for those individuals that testified at trial: Dr. Scott Denton (2 days), Jill Lewis, Pat Barry, Henry Weidling, John McDowell, Daniel Tapper, Jerome Nudera, Brian McDaniel and Nick Ficarello, for a total of $400.00.

Thus, Plaintiffs are awarded costs of $12,700.55 for fees and expenses for experts and witnesses.

### *Fees for Service of Summons and Subpoenas*

Plaintiffs seek a total of $1,665.00 for service of summons and subpoenas. In support of this amount, Plaintiffs submit invoices from Edward Kirby. Though the amount sought by Plaintiffs is less than the total charge reflected in the subpoenas, Plaintiffs fail to explain how they arrived at this sum.

Plaintiffs may recover for time spent serving or attempting to serve subpoenas at the Marshal's rate of $45.00 per hour. *See Collins v. Gorman*, 96 F.3d 1057, 1060 (7th Cir. 1996). The invoices submitted indicate that Kirby spent a total of six hours serving Kenneth Zelazo, Nick Ficarello, DanielTapper and Lea Norburt. Thus, Plaintiffs are entitled to $270.00 in costs for service of those individuals. The invoices also indicate that Kirby served nine other individuals but fails to reflect how much time was spent on each. Rather, the time billed for the service is mixed with time spent on other tasks, such as conducting interviews and taking photographs, the costs of which are not recoverable. Thus, Plaintiffs will only be awarded costs for one hour for each of these individuals, for a total of $405.00. Thus, the total awarded for service of summons and subpoenas is $675.00.

### CONCLUSION

Therefore, Plaintiffs are awarded costs in the amount of $82,908.01.

Dated: March 11, 2009

JOHN W. DARRAH
United States District Judge