IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN FOX & MELISSA FOX, Plaintiffs, | ) ) ) | No. 04 C 7309 |
| v. | ) ) ) | Judge John W. Darrah |
| FORMER WILL COUNTY STATE'S ATTORNEY JEFFREY TOMCZAK, ET. AL., Defendants. | ) ) ) ) | Magistrate Judge Geraldine Soat Brown |

**AMENDED RESPONSE TO PLAINTIFFS' MOTION FOR ORDER
COMMANDING WILL COUNTY TO PAY PUNITIVE DAMAGES
AND ATTORNEYS' FEES**

Defendant Will County, by the undersigned attorneys, submits the following Response to Plaintiffs' Motion for an Order Commanding Will County to Pay Punitive Damages Award and Attorneys' Fees:

## BACKGROUND

Plaintiffs filed this action on November 10, 2004, alleging claims against Will County and the individual detective defendants arising under 42 U.S.C. § 1983. Plaintiff's claims related to law enforcement activities conducted by the Defendants in connection with the investigation and arrest of Plaintiff Kevin Fox. Plaintiffs alleged that the Defendants committed various wrongful and tortious acts in the conduct of law enforcement activities, and alleged violations of Mr. Fox's civil rights. On December 20, 2007, pursuant to a jury verdict, judgment was entered in this matter in favor of the Plaintiffs Kevin Fox and Melissa Fox for $15,500,000. The total award of damages to Plaintiff Kevin Fox was $9,300,000. The total award of damages to Melissa Fox was $6,200,000.

On motions after the verdict, the Court struck all punitive damages awarded to Melissa Fox, at which point the total award in her favor was reduced to $3,700,000. The Court also struck the jury's award of $100,000 against Defendant Wachtl in favor of Kevin Fox, resulting in total the remaining total award to him of $9,200,000. On September 16, 2008, this Court entered an order approving the settlement of claims against Defendant Estate of John Ruettiger and in favor of both Plaintiffs. As a result, the total outstanding award to the Plaintiffs at that time was $8,500,000 to Plaintiff Kevin Fox and $3,600,000 to Plaintiff Melissa Fox.

On October 28, 2008, Defendants filed a timely notice of appeal of the judgment. On April 7, 2010, the Seventh Circuit affirmed in part and reversed and vacated in part this Court's judgment. Specifically, the Appellate Court vacated the verdict in favor of Kevin Fox on the Due Process claim, and significantly reduced the damages award for Kevin Fox's False Arrest claim and Melissa Foxes IIED claim. Plaintiffs accepted remittiturs pursuant tot he Seventh Circuit's opinion. Consistent with the Seventh Circuit's opinion, the compensatory damages award to Kevin Fox was reduced to $2,016,000 and the award to Melissa Fox was reduced to $2,750,000.

On June 18, 2010, Plaintiffs filed a motion to enforce judgment against Will County. The motion sought both the judgment amounts as well as various amounts related to attorneys' fees, costs, and interest. In total, Plaintiffs sought $11,411,087.67. On July 1, 2010, the Court entered an agreed order as to partial judgment, based on the agreement of the parties, which was reached after full consultation and approval of the County's insurance carriers, as follows:

| | |
|---|---|
| Compensatory Damages to Kevin Fox | $2,016,000 |
| Compensatory Damages to Melissa Fox | $2,750,000 |
| Post Judgment Interest on the compensatory damages | $392,669.58 |
| District Court costs | $82,908.01 |
| Post Judgment Interest on the District Court costs | $3,433.19 |
| Appellate Court Costs | $233.10 |
| Attorneys' fees through June 8, 2008 | $1,500,000 |
| Post Judgment Interest on Attorneys Fees through June 8, 2008 | $99,636.87 |

The total amount of the agreed partial judgment for the above items is $6,844,880.75. One of the County's insurance carriers, American Alternative Insurance Company ("AAIC") has paid the Plaintiffs the compensatory damages award, the post-judgment interest on the compensatory damages award and appellate court costs, $234,000 of the agreed attorneys' fees up to June 8, 2008, as well as all post-judgment interest on the attorneys' fees. In total, AAIC has paid $5,492,539.55, from a policy with a $5 million policy limit. Currently the County's other carriers refuse to pay the remaining amounts, which the County believes they are obligated to pay.

The amounts at issue in the Plaintiffs' Motion at this time are as follows:

| | |
|---|---|
| Punitive Damages: | $3,400,000.00 |
| Attorneys' Fees after June 8, 2008: | $ 529,299.60 |
| Criminal Defense Fees: | $ 329,716.82 |
| Interest on Criminal Defense Fees: | $ 28,212.11 |

**I.    Supreme Court Precedent and Unambiguous Illinois Statutes Prohibit Any Order Compelling Will County to Pay The Punitive Damages Award.**

The award of punitive damages is only against the individual Defendants, not the County itself. Plaintiffs signed releases of their claims of punitive damages against the individual Defendants, in exchange for an assignment of any claims the individual Defendants may have against the insurance carriers at issue for bad faith. As a result Plaintiffs no longer retain any claim for punitive damages against the Defendants.

3

Moreover, the United States Supreme Court has held unequivocally that municipal governments "are immune from punitive damages awards under 42 U.S.C. § 1983." *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981). The reasoning behind this absolute immunity is that

> punitive damages imposed on a municipality are in effect a windfall to a fully compensated plaintiff, and are likely accompanied by an increase in taxes or a reduction of public services for the citizens footing the bill. Neither reason nor justice suggests that such retribution should be visited upon the shoulders of blameless or unknowing taxpayers.

*Id.* at 267.

Additionally, Illinois statutes preclude punitive damages from being assessed against a municipality, and preclude the County from paying such damages. "Notwithstanding any other provision of law, a local public entity is not liable to pay punitive or exemplary damages in any action brought directly or indirectly against it by the injured party or a third party." 745 ILCS 10/2-102. The only basis for seeking collection of any sums from the County in this case is an Illinois statute providing that municipalities are to pay tort judgments for compensatory damages entered against its employees while acting in the scope of their employment. 745 ILCS 10/9-102. However, that statute is explicitly limited to "compensatory damages" only. *Id.* To the extent that there is any even remotely potential ambiguity, the legislature went one step further to expressly forbid the payment of such punitive damages:

> It is hereby declared to be the public policy of this State, however, that no local public entity may elect to indemnify an employee for any portion of a judgment representing an award of punitive or exemplary damages.

745 ILCS 10/2-302; see also, *Anderson v. Board of Education of City of Chicago*, 169 F. Supp. 2d 864, 872 (N.D. Ill., 2001) (holding that a local governmental entity is forbidden

from paying a punitive damage award).

As a result, there is no basis by which Plaintiffs can seek or obtain any order compelling Will County to pay the punitive damage award in this case.

## II. There Is No Basis For Imposing Punitive Damages Against The County.

In addition the fact that the County cannot be held liable for punitive damages, there is no basis for such an order in this case in any event. Plaintiffs argue that there was a conflict of interest and the individual Defendants were not apprised of that conflict. The County believes that there was never a true conflict because every Defendants' objectives and interests were common in that all Defendants' primary objective was to ensure that there was no finding of liability and no damages whatsoever. All Defendants shared that united objective and interest. Also, to the extent that the possibility of punitive damages presented a potential conflict, all Defendants were notified of a potential conflict and their right to retain separate counsel many times orally well prior to the trial, in letters from their counsel to them individually prior to the trial. After each such admonition the individual Defendants each made the independent decision to consent to remain with their current counsel after and full and complete disclosure and opportunity to choose their own counsel. That notification and the individual defendants' waiver of the potential conflict was noted on the record.

Plaintiffs also suggest that there was a settlement demand and the Defendants refused that demand. This is inaccurate. There was no such firm demand as Plaintiffs contend, and there is no citation to any record or writing supporting any such demand or rejection of a specific demand.

### III. Any Criminal Defense Fees That Were Potentially Recoverable Are Barred By the June 8, 2008 Agreement.

On June 11, 2008, this Court entered a very specific Agreed Order awarding Plaintiffs $1,500,000 in Attorneys' Fees and related Non-Taxable expenses in settlement of all fees that were incurred prior to June 8, 2008. The Order specifically explained that this amount was in settlement completely precluded any other fees incurred prior to that date by stating as follows:

> Plaintiffs are not entitled to any other award of Attorneys' Fees or Related Non-Taxable Expenses incurred and requested, <u>or incurred and which could have been requested</u>, for any time before or including the date of this Order.

(Exhibit A).

The criminal prosecution was over and the case was dismissed by nolle prosequi on June 17, 2005. There is no possibility that Plaintiffs incurred any of the purported criminal defense fees after June 8, 2008, and they have not asserted or offered any factual basis to suggest that they were incurred three years after the case ended. As a result, even assuming there was a legal basis for Plaintiffs position that the fees were chargeable to the civil litigation, those fees would necessary have been incurred and "could have been requested" prior to the Agreed Order. As a result they are barred and by the Order's very terms "Plaintiffs are not entitle to any other award" of such fees. Therefore this Court must reject Plaintiffs' request for criminal defense fees, and as a necessary correlate, the interest on those non-recoverable fees.

### IV. Criminal Defense Fees Are Not Properly Recoverable Under Section 1988.

Plaintiffs cites to *Webb v. Board of Ed. Of Dyer County, Tenn.*, 471 U.S. 234 (1985), for the proposition that that criminal defense fees are recoverable under Section 1988 if they were useful and ordinarily necessary to advance the civil litigation. First,

*Webb* did not involve criminal defense fees, it involved fees incurred in an underlying civil administrative case. Second, it did not hold that fees were recoverable, instead it rejected the fees in part because there was no showing that they were useful or ordinarily necessary for the civil rights litigation. Plaintiffs cite to no cases involving criminal defense fees incurred being awarded under §1988. The Seventh Circuit has long held that criminal defense fees are, if anything, an element of compensatory damages in a civil rights case. *Kerr v. City of Chicago*, 424 F.2d 1134, 1141 (7th Cir. 1970); *Whitley v. Seibel*, 676 F.2d 245, 252-53 (7th Cir. 1982). As a result, any claim for recovery of those fees could have and should been litigated the first time around, and the claim is now barred. Moreover, because those fees are part of the compensatory damages, they are not recoverable under Section 1988 as part of the fee award. *Craig v. Christ*, , 1999 WL 1059704, *13 (S.D. Ind. Sep. 10, 1999); *Kyreakakis v. Paternoster*, 732 F. Supp. 1287, 1294 (D. N.J. 1990) (noting that the majority of courts reject claims for recovery of criminal defense fees under §1988).

As the Eleventh Circuit explained, allowing the recovery of criminal defense fees in §1988 does not comport with the purpose of that legislation. *U.S. v. Certain Real Property, Located at 317 Nick Fitchard Road*, 579 F.3d 1315, 1325 (11th Cir. 2009). As the court explained, in the context of civil rights litigation, "'Congress found that many legitimate claims would not be redressed" "unless reasonable attorney's fees could be awarded. There is no comparable concern here, where the criminal defendant[s] were sufficiently motivated by the criminal charges to avidly pursue their criminal defense." As a result, there is no basis for Plaintiffs to recover criminal defense fees as part of their §1988 fee award in this case.

## IV. Attorneys' Fees After June 8, 2008

Plaintiffs have requested an award of $529,199.60 for fees incurred after June 8, 2008. The County does not dispute the reasonableness of $507,824.60 of the requested fees. There are $1,437.50 in fees that the parties have agreed to strike from the petition. There are an additional $19,937.50 in fees that the County identified as relating solely to issue and claims among and between the Plaintiffs and the insurance carriers as intervenors, on the issue of punitive damages. (See Exhibit B). The County, as explained above, cannot in any manner be held responsible for punitive damages. It follows that the County should not be required to pay fees incurred in pursuing punitive damages.

WHEREFORE, Defendant, Will County respectfully requests that the Court deny Plaintiffs' motion for an order compelling Will County to pay any portion of the punitive damages award; deny Plaintiffs' motion for an order compelling Will County to pay criminal defense fees or interest on criminal defense; limiting Plaintiffs' recover of attorneys' fee after June 8, 2008 to $507,824.60, and granting such further and additional relief as the Court deems just.

Respectfully Submitted,

WILL COUNTY,

By: _____
One of its attorneys

Gerald Haberkorn
Kevin J. Clancy
Lowis & Gellen LLP
200 West Adams
Suite 1900
Chicago, Illinois 60606

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that on July 13, 2009, he electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing all counsel of record in this case. In addition, he caused copies of the foregoing to be served upon the following individuals by email at or before the hour of 5:00 p.m. on August 25, 2010.

Robert J. Bates, Jr.
Bates & Carey LLP
191 North Wacker Drive
Suite 2400
Chicago, IL 60606
rbates@batescarey.com

Michelle R. Valencic
Clausen Miller P.C.
10 S. LaSalle St.
Chicago, IL 60603
mvalencic@clausen.com

Roderick T. Dunne
Karbal, Cohen, Economou,
Silk & Dunne
200 S. Michigan Ave., 20th Fl.
Chicago, IL 60604
rdunne@karballaw.com

Case 1:04-cv-07309 Document 701 Filed 06/11/08 Page 1 of 2

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| KEVIN FOX & MELISSA FOX, Plaintiffs, | ) No. 04 C 7309 ) |
| v. | ) Judge John W. Darrah ) |
| FORMER WILL COUNTY STATE'S ATTORNEY JEFFREY TOMCZAK, ET. AL., Defendants. | ) Magistrate Judge ) Geraldine Soat Brown ) ) |

## AGREED ORDER

This matter having come before the Court on Plaintiffs' Motion for Fees, the Court having ordered the parties to meet and confer and the Court finding that the parties met and conferred with respect to Attorneys' Fees and Related Nontaxable Expenses, reached agreement as to the rates charged, the hours expended and the related nontaxable expenses incurred;

IT IS HEREBY ORDERED THAT:

Plaintiffs are awarded Attorney's Fees and Related Non-Taxable Expenses for all Plaintiff Kevin Fox's 42 U.S.C. §1983 claims through the date of this Order in the amount of $1,500,000.00. Plaintiffs are not entitled to any other award of Attorney's Fees or Related Non-Taxable Expenses incurred and requested, or incurred and which could have been requested, for any time before or including the date of this Order. This award is contingent on Plaintiff Kevin Fox prevailing on the post-trial motions and any


EXHIBIT A

appeal taken in this case related to his 42 U.S.C. §1983 claims and its enforcement is stayed pending further order of this Court.

Enter: *June 11, 2008*

*[signature]*
District Court Judge

255824_1.DOC

| Date | Activity | Atty | Rate | Hours Requested | Hours Objected | Amount | Basis |
|---|---|---|---|---|---|---|---|
| | Sanctions | | | | | | |
| 12/22/2008 | Draft Motion for Sanctions | DHJ | $350.00 | 1.75 | 1.75 | $612.50 | Agreed to delete |
| 12/23/2008 | Draft Motion for Sanctions | DHJ | $350.00 | 1.50 | 1.50 | $525.00 | Agreed to delete |
| 12/30/2008 | Finalize Motion for Sanctions | KTZ | $400.00 | 0.75 | 0.75 | $300.00 | Agreed to delete |
| | | | | | | $1,437.50 | |
| | | | | | | | |
| | Intervenors/Punitive Damages Issues | | | | | | |
| 8/13/2008 | Review law review article on punitive damages | DHJ | $350.00 | 0.75 | 0.75 | $262.50 | Outside scope of claims against the County defendants |
| 9/23/2008 | Meeting with DKTZ re: excess coverage; choice of counsel | DHJ | $350.00 | 1.75 | 1.75 | $612.50 | Outside scope of claims against the County defendants |
| 9/23/2008 | Meeting with DHJ re: excess insurance | KTZ | $400.00 | 0.50 | 0.50 | $200.00 | Outside scope of claims against the County defendants |
| 9/29/2008 | Review insurance policies | DHJ | $350.00 | 1.50 | 0.50 | $175.00 | Outside scope of claims against the County defendants |
| 9/30/2008 | Review insurance policies | KTZ | $400.00 | 3.25 | 1.50 | $600.00 | Outside scope of claims against the County defendants |
| 10/20/2008 | Review assignments and motion to intervene | DHJ | $350.00 | 1.25 | 1.25 | $437.50 | Outside scope of claims against the County defendants |
| 10/21/2008 | Mtg re: assignments | DHJ | $350.00 | 1.50 | 0.75 | $262.50 | Outside scope of claims against the County defendants |
| 10/21/2008 | Mtg re: assignments | KTZ | $400.00 | 0.75 | 0.75 | $300.00 | Outside scope of claims against the County defendants |
| 1/15/2009 | Call with Partelow | DHJ | $350.00 | 0.50 | 0.50 | $175.00 | Outside scope of claims against the County defendants |
| 1/19/2009 | Prepare new agreement re: punitives;call with Partelow | DHJ | $350.00 | 1.75 | 0.75 | $262.50 | Outside scope of claims against the County defendants |
| 1/19/2009 | Prepare release of punitives on appeal; call with Partelow | KTZ | $400.00 | 2.50 | 1.00 | $400.00 | Outside scope of claims against the County defendants |
| 1/30/2009 | Review mtn to intervene | DHJ | $350.00 | 1.75 | 0.75 | $262.50 | Outside scope of claims against the County defendants |
| 1/30/2009 | Review AAIC Essex Mot. to Intervene | KTZ | $400.00 | 4.25 | 0.75 | $300.00 | Outside scope of claims against the County defendants |
| 2/2/2009 | Prepare motion to strike intervene | DHJ | $350.00 | 4.25 | 2.25 | $787.50 | Outside scope of claims against the County defendants |
| 2/3/2009 | Prepare motion to strike intervenors | AEZ | $200.00 | 2.25 | 2.25 | $450.00 | Outside scope of claims against the County defendants |

# EXHIBIT B

| Date | Activity | Atty | Rate | Hours Requested | Hours Objected | Amount | Basis |
|---|---|---|---|---|---|---|---|
| 2/3/2009 | Review court's order re: intervenors; meet with Rathsack; research motion to intervene | KTZ | $400.00 | 3.25 | 3.25 | $1,300.00 | Outside scope of claims against the County defendants |
| 2/4/2009 | Prepare motion to strike AAIC's motion; edit revise motion to strike Essex motion; finalize motions to strike | DHJ | $350.00 | 3.25 | 3.25 | $1,137.50 | Outside scope of claims against the County defendants |
| 2/5/2009 | Finalize motion to strike Essex Motion | DHJ | $350.00 | 2.75 | 2.75 | $962.50 | Outside scope of claims against the County defendants |
| 3/10/2009 | Review order re mtn to intervene | KTZ | $400.00 | 0.25 | 0.25 | $100.00 | Outside scope of claims against the County defendants |
| 4/13/2009 | Review intervenors brief | DHJ | $350.00 | 2.25 | 0.75 | $262.50 | Outside scope of claims against the County defendants |
| 4/14/2009 | Review intervenors cases | DHJ | $350.00 | 3.00 | 3.00 | $1,050.00 | Outside scope of claims against the County defendants |
| 4/16/2009 | review intervenors' cases | DHJ | $350.00 | 2.75 | 1.25 | $437.50 | Outside scope of claims against the County defendants |
| 4/17/2009 | review intervenors' cases | DHJ | $350.00 | 3.75 | 0.75 | $262.50 | Outside scope of claims against the County defendants |
| 4/20/2009 | Read brief and intervenors cases | DHJ | $350.00 | 2.25 | 1.50 | $525.00 | Outside scope of claims against the County defendants |
| 4/30/2009 | read/brief intervenors cases | DHJ | $350.00 | 3.25 | 1.00 | $350.00 | Outside scope of claims against the County defendants |
| 5/9/2009 | draft punitives/read intervenors cases | DHJ | $350.00 | 5.25 | 2.75 | $962.50 | Outside scope of claims against the County defendants |
| 5/12/2009 | draft punitive arguments | DHJ | $350.00 | 4.75 | 2.50 | $875.00 | Outside scope of claims against the County defendants |
| 5/21/2009 | Draft brief re: evidence for punitives | DHJ | $350.00 | 2.50 | 2.50 | $875.00 | Outside scope of claims against the County defendants |
| 5/28/2009 | edit punitives argument. Review intervenors brief | DHJ | $350.00 | 2.50 | 2.50 | $875.00 | Outside scope of claims against the County defendants |
| 6/1/2009 | Meet with KTZ re: intervenors brief, draft response | DHJ | $350.00 | 2.75 | 2.75 | $962.50 | Outside scope of claims against the County defendants |
| 6/3/2009 | Meet with KTZ re: intervenors brief, draft response | DHJ | $350.00 | 3.75 | 3.75 | $1,312.50 | Outside scope of claims against the County defendants |
| 6/4/2009 | shepardize intervenors cases | AEZ | $200.00 | 3.75 | 0.75 | $150.00 | Outside scope of claims against the County defendants |

**EXHIBIT B**

| Date | Activity | Atty | Rate | Hours Requested | Hours Objected | Amount | Basis |
|---|---|---|---|---|---|---|---|
| 6/9/2009 | review intervenors briefs/damages arguments | DHJ | $350.00 | 2.50 | 1.00 | $350.00 | Outside scope of claims against the County defendants |
| 6/18/2009 | review mem re intervenors cases | DHJ | $350.00 | 3.75 | 1.00 | $350.00 | Outside scope of claims against the County defendants |
| 6/23/2009 | review closing argument re punitives | DHJ | $350.00 | 4.50 | 1.00 | $350.00 | Outside scope of claims against the County defendants |
| 8/26/2009 | preparation for oral arg. Re: issues in intervenors briefs | KTZ | $400.00 | 2.50 | 1.00 | $400.00 | Outside scope of claims against the County defendants |
| 8/27/2009 | prepare for arg. Punitive damages | KTZ | $400.00 | 3.25 | 0.75 | $300.00 | Outside scope of claims against the County defendants |
| 9/25/2009 | review intervenors resp. to motion to correct | KTZ | $400.00 | 2.25 | 0.75 | $300.00 | Outside scope of claims against the County defendants |
|  |  |  |  |  |  | $19,937.50 |  |

EXHIBIT B