IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN FOX & MELISSA FOX, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 04 C 7309 |
| | ) | |
| FORMER WILL COUNTY STATE'S | ) | Judge John W. Darrah |
| ATTORNEY JEFFEREY TOMCZAK, *et al.*, | ) | |
| | ) | Magistrate Judge |
| Defendants. | ) | Geraldine Soat Brown |
| | ) | |
| WILL COUNTY, | ) | |
| | ) | |
| Third-Party Plaintiff, | ) | THIRD PARTY DEFENDANT |
| | ) | AMERICAN ALTERNATIVE |
| v. | ) | INSURANCE CORPORATION'S |
| | ) | ANSWER AND AFFIRMATIVE |
| ESSEX INSURANCE COMPANY, a | ) | DEFENSES TO WILL COUNTY'S |
| Delaware corporation, AMERICAN | ) | AMENDED THIRD-PARTY |
| ALTERNATIVE INSURANCE | ) | COMPLAINT |
| CORPORATION, a Delaware corporation | ) | |
| and ST. PAUL FIRE AND MARINE | ) | |
| INSURANCE COMPANY, a Minnesota | ) | |
| corporation, | ) | |
| | ) | |
| Third-Party Defendants. | | |

Third-Party Defendant, American Alternative Insurance Corporation ("AAIC"), for its answer to the Amended Third-Party Complaint of Will County ("Amended Third-Party Complaint"), states as follows:

## PARTIES

1. AAIC admits the allegations in Paragraph 1 of the Amended Third-Party Complaint.

2. AAIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Amended Third-Party Complaint.

3. AAIC admits the allegations in Paragraph 3 of the Amended Third-Party Complaint.

4. AAIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Amended Third-Party Complaint.

## JURISDICTION AND VENUE

5. AAIC admits the allegations in Paragraph 5 of the Amended Third-Party Complaint that are directed to AAIC. AAIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Amended Third-Party Complaint that are directed to other Third-Party Defendants.

6. AAIC admits the allegations in Paragraph 6 of the Amended Third-Party Complaint.

7. AAIC admits the allegations in Paragraph 7 of the Amended Third-Party Complaint that are directed to AAIC. AAIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Amended Third-Party Complaint that are directed to other Third-Party Defendants.

8. AAIC admits the allegations in Paragraph 8 of the Amended Third-Party Complaint that are directed to AAIC. AAIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Amended Third-Party Complaint that are directed to other Third-Party Defendants.

## BACKGROUND ALLEGATIONS

9. AAIC admits the allegations in Paragraph 9 of the Amended Third-Party Complaint.

10. AAIC admits the allegations in Paragraph 10 of the Amended Third-Party Complaint.

11. AAIC admits the allegations in Paragraph 11 of the Amended Third-Party Complaint.

12. AAIC admits the allegations in Paragraph 12 of the Amended Third-Party Complaint.

13. AAIC admits the allegations in Paragraph 13 of the Amended Third-Party Complaint.

14. AAIC admits the allegations in Paragraph 14 of the Amended Third-Party Complaint.

15. AAIC admits the allegations in Paragraph 15 of the Amended Third-Party Complaint.

16. AAIC admits the allegations in Paragraph 16 of the Amended Third-Party Complaint.

17. AAIC admits that the punitive damages awarded in favor of the Fox Plaintiffs was against the individual Defendant Detectives Swearengen, Hayes and Guilfoyle and not against the County of Will. AAIC further admits that the Fox Plaintiffs entered into purported Assignments with the foregoing Detectives that released them from any liability for punitive damages awarded in favor of the Fox Plaintiffs. The remaining allegations of Paragraph 17 of the Amended Third-Party Complaint characterize the terms of the purported Assignments, which speak for themselves.

18. AAIC admits the allegations in Paragraph 18 of the Amended Third-Party Complaint.

19. AAIC admits the allegations in Paragraph 19 of the Amended Third-Party Complaint.

20. AAIC admits the allegations in Paragraph 20 of the Amended Third-Party Complaint.

21. AAIC admits the allegations in Paragraph 21 of the Amended Third-Party Complaint.

22. AAIC admits only that the amounts for which the Fox Plaintiffs seek to enter judgment are in dispute in the underlying lawsuit. AAIC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22 of the Amended Third-Party Complaint.

## **THE POLICIES**

23. AAIC admits that St. Paul issued policy No. GPO6301134 to the County of Will, the terms of which speak for themselves. A copy of the St. Paul policy was not attached to the Amended Third-Party Complaint and therefore no answer is required as to the authenticity of the document.

24. AAIC admits that it issued commercial umbrella policy No. 60-A2-UB-000044900 to the County of Will, the terms of which speak for themselves ("AAIC Policy"). A copy of the AAIC Policy was not attached to the Amended Third-Party Complaint and therefore no answer is required as to the authenticity of the document.

25. AAIC admits that Essex Insurance Company issued excess insurance policy No. X0-NJ-1A22-03 to the County of Will, the terms of which speak for themselves. A copy of the Essex policy was not attached to the Amended Third-Party Complaint and therefore no answer is required as to the authenticity of the document.

26. AAIC admits that the County of Will paid the premium for the AAIC Policy. AAIC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 26 of the Amended Third-Party Complaint.

27. AAIC admits that the AAIC Policy is a "valid and binding contract." AAIC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 27 of the Amended Third-Party Complaint.

28. AAIC denies the allegations of Paragraph 28 of the Amended Third-Party Complaint directed to AAIC and is without knowledge or information sufficient to form a belief as to the allegations directed to St. Paul and Essex.

29. AAIC admits that the St. Paul policy provides primary general liability insurance to the County of Will and that St. Paul alleges that it has exhausted the applicable limit of liability of the policy in partial satisfaction of the judgment in the underlying *Fox* Lawsuit.

30. AAIC admits that it issued it issued commercial umbrella policy No. 60-A2-UB-000044900 to the County of Will and that coverage under the AAIC Policy potentially incepts upon exhaustion of the applicable limit of liability of the St. Paul policy. AAIC further admits that AAIC paid to the Fox Plaintiffs, $5,492,538.97, an amount in excess of the applicable limit of liability of the AAIC Policy, in partial satisfaction of the judgment in the underlying *Fox* Lawsuit and, as a result, the limit of liability of the AAIC Policy has been fully exhausted and AAIC has no liability or obligation to pay any remaining unsatisfied judgment amounts.

31. AAIC admits that coverage under the Essex policy potentially incepts upon exhaustion of the applicable limit of liability of the AAIC Policy. The remaining allegations in Paragraph 31 of the Amended Third-Party Complaint set forth legal conclusions to which no answer is required.

32. The allegations in Paragraph 32 of the Amended Third-Party Complaint set forth legal conclusions to which no answer is required. To the extent it is deemed that any facts are alleged in Paragraph 32, AAIC admits that the applicable limit of liability of the AAIC Policy

5

has been exhausted by AAIC's payment to the Fox Plaintiffs in partial satisfaction of the underlying judgment and that it has no liability or obligation to pay any remaining unsatisfied judgment amounts. AAIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Amended Third-Party Complaint directed to other Third-Party Defendants.

33. AAIC admits that it has communicated with the County of Will regarding satisfaction of the judgment in the underlying *Fox* Lawsuit. AAIC is without knowledge or information sufficient to form a belief as to whether Essex has failed to pay any amount regarding the underlying *Fox* judgment. The remaining allegations in Paragraph 33 of the Amended Third-Party Complaint set forth legal conclusions to which no answer is required.

34. The allegations in Paragraph 34 of the Amended Third-Party Complaint sets forth attorney argument and legal conclusions to which no answer is required.

## COUNT I
### (Breach of Contract against Essex)

35. AAIC admits and realleges its answer to Paragraphs 1-34 of the Amended Third-Party Complaint as if fully set forth herein.

36. The allegations in Paragraph 36 of the Amended Third-Party Complaint are not directed to AAIC and therefore no answer is required by AAIC.

37. The allegations in Paragraph 37 of the Amended Third-Party Complaint are not directed to AAIC and therefore no answer is required by AAIC.

## COUNT II
### (Wrongful Refusal to Pay Claim)

38. AAIC admits and realleges its answers to Paragraphs 1-37 of the Amended Third-Party Complaint as if fully set forth herein.

39. The allegations in Paragraph 39 of the Amended Third-Party Complaint are not

directed to AAIC and therefore no answer is required by AAIC.

40. The allegations in Paragraph 40 of the Amended Third-Party Complaint are not directed to AAIC and therefore no answer is required by AAIC.

41. The allegations in Paragraph 41 of the Amended Third-Party Complaint are not directed to AAIC and therefore no answer is required by AAIC.

42. The allegations in Paragraph 42 of the Amended Third-Party Complaint are not directed to AAIC and therefore no answer is required by AAIC.

## COUNT III
**(In the Alternative Declaratory Judgment Against All Third-Party Defendants)**

43. AAIC admits and realleges its answers to Paragraphs 1-42 of the Amended Third-Party Complaint as if fully set forth herein.

44. The allegations in Paragraph 44 of the Amended Third-Party Complaint set forth legal conclusions to which no answer is required.

45. AAIC admits the allegations in Paragraph 45 of the Amended Third-Party Complaint directed against it. AAIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 of the Amended Third-Party Complaint that are directed to other Third-Party Defendants.

46. The allegations in Paragraph 46 of the Amended Third-Party Complaint set forth legal conclusions to which no answer is required.

WHEREFORE, AAIC requests that this Court enter an Order and Judgment declaring that:

    a)    AAIC has no duty or obligation to pay any further sums whatsoever to the County of Will under the AAIC Policy with respect to any judgments in the Underlying *Fox* Lawsuit, as the applicable limit of liability of the AAIC Policy has been fully and finally exhausted;

b) AAIC has no duty or obligation to pay any sums whatsoever to the County of Will under the AAIC Policy regarding any punitive damages awarded Kevin Fox in the underlying *Fox* Lawsuit; and

c) such other and further relief as this Court deems just and proper.

### Affirmative Defenses

AAIC sets forth the following separate and distinct defenses to the County of Will's Amended Third-Party Complaint. AAIC sets forth these matters to apprise the County of Will of certain potentially applicable defenses. By listing any matter as an affirmative defense, AAIC does not assume the burden of proof as to any matter upon which the County of Will bears the burden of proof under the applicable law.

### First Affirmative Defense

The Amended Third-Party Complaint fails to set forth a viable cause of action as against AAIC.

### Second Affirmative Defense

AAIC has no duty or obligation to pay any fees, costs, damages, or any other sum or amount whatsoever regarding the underlying *Fox* Lawsuit, as the limit of liability of the AAIC Policy has been fully and completely exhausted by AAIC's payment to the Fox Plaintiffs in partial satisfaction of the judgment in the underlying *Fox* Lawsuit.

### Third Affirmative Defense

The AAIC Policy includes an endorsement that states coverage is not provided for punitive damages awarded against the insured:

> Illinois Amendatory Endorsement
> This endorsement modifies insurance provided under the following:
> Commercial Umbrella Policy
> A. This policy does not apply to punitive or exemplary damages; except we shall have the duty to defend any suit against the insured

> seeking both compensatory and punitive or exemplary damages, with respect to such insurance as is afforded by this policy, but we shall not be obligated to pay any punitive or exemplary damages.

Coverage for any punitive damage award is barred by this endorsement.

### Fourth Affirmative Defense

AAIC has no duty to pay the punitive damages awarded to Kevin Fox in the underlying *Fox* Lawsuit based upon Illinois law that holds that an insurer has no duty to pay punitive damages based on the acts and omissions of the defendant/insured. The punitive damages awarded Kevin Fox for which the County of Will potentially seeks indemnity are based upon acts and/or omissions of Will County Detectives Swearengen, Hayes and Guilfoyle and, as a result are not insurable as matter of law.

### Fifth Affirmative Defense

The County of Will may have no legal obligation to pay punitive damages awarded Kevin Fox in the underlying *Fox* Lawsuit.

Date: October 19, 2010    AMERICAN ALTERNATIVE INSURANCE CORPORATION

By: _/s/ Robert J. Bates Jr._
One of its Attorneys

Robert J. Bates, Jr.
Mary F. Licari
Bates Carey Nicolaides LLP
191 N. Wacker Drive, Suite 2400
Chicago, IL 60606
(312) 762-3100