

# MARKEL UNDERWRITING MANAGERS, INC.

A Markel Company

310 Highway 35 South, Red Bank, NJ 07701
(732)224-0500 · (800)243-6869 · Fax (732)741-2266
www.markelunderwriters.com

November 19, 2007

VIA REGULAR & CERTIFIED MAIL
#7006 2760 0002 0005 4409

County of Will, IL
302 North Chicago
Joliet, IL 60432

### RESERVATION OF RIGHTS

RE:  Our Insured:           County of Will, IL
     Issuing Company:      Essex Insurance Company
     Plaintiff:            Kevin Fox and Melissa Fox
     Our Claim Number:     0076387
     Policy Number:        XONJ182203
     Policy Period:        December 1, 2003 to December 1, 2004

Dear Sir or Madam:

Markel Underwriting Managers, Inc. ("MUM") on behalf of Essex Insurance Company ("Essex") previously acknowledged receipt of the claim brought by Kevin Fox and Melissa Fox. We also previously issued a reservation of rights letter with respect to this litigation. We are in receipt of a Fifth Amended Complaint titled: *Kevin Fox and Melissa Fox v. Former Will County State's Attorney Jeffrey Tomczak, Detective Edward Hayes, Dectective Michael Guilfoyle, Detective Scott Swearengen, Detective John Ruettiger, Detective Brad Wachtl, Detective David Dobrowski, Officer Janette Bishop-Green, Richard Williams, Mary Jane Pluth, Chief Deputy John Moss, Deputy Chief Nick Ficarello, Lieutenant Daniel Tapper, Will County Sheriff Paul Kaupas and Will County,* Case Number 04 C 7309. In light of recent developments, as well as additional information provided to us, we wish to reiterate and supplement our position regarding coverage for certain claims asserted against the County of Will, IL and the individually named defendants. Please be advised that we will continue to monitor this claim subject to exhaustion of the underlying limits under a full Reservation of Rights, which is specifically set forth below. By handling this matter under a reservation of rights, we reserve the right to investigate and deny coverage for any damages not covered under this policy. The following is an explanation of our position.



PLAINTIFF'S
EXHIBIT
H



Although Essex has agreed to monitor this matter, subject to the following Reservations of Rights, please be aware that Essex is not agreeing to indemnify you for all of the individual allegations contained in this lawsuit, as set forth more fully below.

## FACTUAL BACKGROUND

The Fifth Amended Complaint alleges, among other things, that on June 6, 2004, Kevin Fox discovered that his daughter, Riley, was missing from the Fox home. Later that day, her body was found in a creek several miles from the Fox home. The Will County Sheriff's Department investigated Riley's murder. The following day, Mr. Fox and other family members allegedly provided DNA samples to the Sheriff's Department. It is alleged that rather than having an immediate DNA analysis performed at the Illinois State Crime Laboratory, former Will County State's Attorney Jeffery Tomczak directed that the samples be shipped to the FBI. It is alleged that Jeffrey Tomczak, who was facing a tough re-election contest, was motivated to close this case by compelling Fox to confess to Riley's murder. On October 26, 2004, Kevin Fox was arrested for the murder of his daughter, Riley Fox and was incarcerated for 234 days.

Specifically, the following allegations have been made by the plaintiffs:

- It is alleged that, during the period of Fox's incarceration in the Will County Jail (which ended on June 17, 2005), he was threatened by fellow inmates and verbally abused by guards.

- The defendant detectives allegedly delayed the disclosure of certain reports to State's Attorney Glasgow, including a January 3, 2005 report from the FBI revealing that defendant Edward Hayes ordered the cessation of all DNA testing on November 3, 2004, and a June 8, 2004 laboratory report indicating that DNA might have been found on the victim, which was not provided to Fox's attorneys until February 9, 2005.

- It is alleged that, after the February 25, 2005 entry of an order specifying that Bode Laboratory was to perform testing on the DNA samples, defendant Hayes intentionally sent the samples to the wrong testing laboratory, which delayed the testing of these samples.

- After Fox's release on June 17, 2005, the defendants detectives and defendant Tomczak allegedly continued to make statements implicating Kevin Fox in the murder.

## ESSEX INSURANCE COMPANY POLICY INFORMATION

Essex insured the County of Will, IL under an Excess Liability Policy, designated as policy number XONJ182203. This policy provides coverage for the period of December 1, 2003 to December 1, 2004. The Excess Limits of Liability are $5 million per occurrence/$5 million aggregate excess of the immediate underlying limits of $5 million per occurrence/$5 million aggregate issued by the underlying carrier, AAIC.

2

Your Excess policy contains an Insuring Agreement as follows:

> Section A – Insuring Agreements
>
> The Company hereby agrees to pay on behalf of the Insured that portion of Ultimate Net Loss in excess of the limits of Underlying Insurance as shown in Item 4 of the Declarations, but only up to an amount not exceeding the Company's Limit of Liability as shown in Item 3 of the Declarations. Except for the Terms, Definitions, Conditions and Exclusions of this policy, the coverage provided by this policy shall follow the Insuring Agreements, Definitions, Conditions and Exclusions of the Controlling Underlying Insurance Policy as shown in Item 4 of the Declarations.

As stated in the Essex policy's Insuring Agreement, except for the terms, definitions, conditions and exclusions of this policy, the coverage provided by the Essex policy follows the insuring agreements, definitions, conditions and exclusions of the controlling underlying insurance policy issued by AAIC.

By correspondence dated October 9, 2007, AAIC, issued a supplemental reservation of rights. As the Essex policy incorporates the terms and conditions of the underlying AAIC policy, Essex incorporates by reference the AAIC position articulated in their letter of October 9, 2007 letter. For your convenience, we have attached a copy the AAIC letter.

Essentially, AAIC reserves its rights to deny indemnity to the defendants for any damages arising out of an occurrence causing personal injury that took place after the December 1, 2004 expiration date of the AAIC policy.

The Fifth Amended Complaint seeks an award of punitive and/exemplary damages against the defendants. Your policy also includes the following language which precludes coverage for punitive damages.

> PUNITIVE DAMAGES EXCLUSION
>
> This policy shall not apply to Ultimate Net Loss arising out of any punitive damages, exemplary damages, treble damages, or any damages resulting from the multiplication of compensatory damages, including any other fines or penalties.

The punitive damages exclusion endorsement precludes coverage for punitive or exemplary damages. If there is an award of punitive and/or exemplary damages, there is no coverage for those damages under the Essex Insurance Company policy.

In addition to the foregoing, we also advise you that Essex's agreement to monitor this matter is subject to all of the terms, conditions, limitations, and exclusions contained in the subject policy, at law or in equity, whether asserted or not asserted herein.

3

## CONCLUSION

The foregoing discussion of grounds for Essex Insurance Company's Reservation of Rights is not intended to be necessarily exhaustive or complete. Our investigation is ongoing and this letter is based on presently available information. We reserve the right to supplement this coverage position and assert additional grounds for denial of coverage if new or additional information becomes available.

Should you have any questions or wish to discuss any issue raised in this letter or any other aspect of this matter, please feel free to contact me.

If any of the factual information relied upon by us in this letter is materially incorrect, or if you possess any additional information which you believe impacts the coverage position taken herein, please immediately contact the undersigned at (800) 243-6869 extension 8884.

If you feel this determination was made in error, or that further review of this claim is warranted, you have the right to contact the Illinois Department of Insurance by writing to it at the following address:

> State of Illinois
> Division of Insurance
> James R. Thompson Center
> 100 W. Randolph Street, Suite 9-301
> Chicago, IL 60601-3395
> Phone: (312) 814-2420
> Fax: (312) 814-5416

Please reference our claim number on all future correspondence.

Very truly yours,

MARKEL UNDERWRITING MANAGERS, INC.

Jacqueline Armour
Claims Account Specialist

:ps