**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **KEVIN FOX & MELISSA FOX,**<br>Plaintiffs, | ) ) ) | No. **04 C 7309** |
| v. | ) ) | Judge John W. Darrah |
| **FORMER WILL COUNTY STATE'S ATTORNEY<br>JEFFREY TOMCZAK, ET AL.,**<br>Defendants, | ) ) ) ) | Magistrate Judge<br>Geraldine Soat Brown |

| | |
|---|---|
| **WILL COUNTY,**<br>Third-Party Plaintiff, | ) ) ) |
| v. | ) ) |
| **ESSEX INSURANCE COMPANY,** a Delaware<br>corporation, **AMERICAN ALTERNATIVE<br>INSURANCE CORPORATION**, a Delaware<br>corporation, and **ST. PAUL FIRE AND MARINE<br>INSURANCE COMPANY**, a Minnesota corporation, | ) ) ) ) ) ) |
| Third-Party Defendants. | ) |

| | |
|---|---|
| ESSEX INSURANCE COMPANY,<br>Counterclaimant, | ) ) ) ) |
| v. | ) ) |
| WILL COUNTY, KEVIN & MELISSA FOX<br>AMERICAN ALTERNATIVE INSURANCE<br>CORPORATION AND ST. PAUL FIRE & MARINE<br>INSURANCE CO.<br>Counter-defendants. | ) ) ) ) ) |

## WILL COUNTY'S MOTION TO STRIKE ESSEX INSURANCE COMPANY'S THIRD, FOURTH AND FIFTH AFFIRMATIVE DEFENSES AND COUNT I OF ESSEX INSURANCE COMPANY'S COUNTERCLAIM

Now Comes Third-Party Plaintiff and Counter-defendant, Will County, by its State's Attorney, JAMES W. GLASGOW and in support of its Motion to Strike Essex Insurance Company's Third, Fourth and Fifth Affirmative Defenses and Count I of Essex Insurance Company's Counterclaim, states as follows:

1. That Essex's Third Affirmative Defense asserts that any punitive damage award is barred by Endorsement 4 of the Essex Policy.

2. That Essex's Fourth Affirmative Defense asserts that Essex has no duty to pay the punitive damages awarded to Kevin Fox and that punitive damages are not insurable as a matter of law.

3. That Essex's Fifth Affirmative Defense asserts that the County of Will may have no legal obligation to pay punitive damages awarded Kevin Fox.

4. That Count I of Essex's Counterclaim seeks a declaratory judgment that Essex is not liable for any punitive damages awarded to Kevin Fox in the Underlying Action.

5. That Third Party Plaintiff and Counter-defendant, Will County has not and does not assert any claim for coverage of punitive damages by Essex Insurance Company or any of the Third Party Defendants.

6. That 735 ILCS 5/2-701 provides:

   (a) No action or proceeding is open to objection on the ground that a merely declaratory judgment or order is sought thereby. The court may, **in cases of actual controversy**, make binding declarations of rights, having the force of final judgments, whether or not any consequential relief is or could be claimed, including the determination, at the instance

of anyone interested in the controversy, of the construction of any statute, municipal ordinance, or other governmental regulation, or of any deed, will, contract or other written instrument, and a declaration of the rights of the parties interested... (Emphasis added.)

7.     As used in the statutory requirement 'actual'
       requires a showing that the underlying facts and issues of the case are not moot or premature, so as to require the court to pass judgment on mere abstract propositions of law, render an advisory opinion, or give legal advice as to future events. The case must, therefore, present a concrete dispute admitting of an immediate and definitive determination of the parties' rights, the resolution of which will aid in the termination of the controversy or some part thereof. Underground Contractors Association v. City of Chicago, 66 Ill.2d 371,375, 362 N.E.2d 298,300 (1977).

**WHEREFORE,** Will County respectfully requests that this Honorable Court strike Count I of Essex's Counterclaim for failing to present a justiciable controversy.

Respectfully submitted,

WILL COUNTY

By: _____

James W. Glasgow
Will County State's Attorney

Will County State's Attorney
JAMES W. GLASGOW
57 N. Ottawa Street
Joliet, Illinois 60432
(815) 727-8453