**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KEVIN FOX & MELISSA FOX, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 04 C 7309 |
| v. | ) | |
| | ) | Judge John W. Darrah |
| WILL COUNTY, *et al.*, | ) | |
| | ) | Magistrate Judge |
| Defendants. | ) | Geraldine Soat Brown |
| _____ | ) | |
| | ) | |
| WILL COUNTY, | ) | |
| | ) | |
| Third Party Plaintiff, | ) | |
| | ) | |
| v. | ) | **AMERICAN ALTERNATIVE** |
| | ) | **INSURANCE CORPORATION'S** |
| ESSEX INSURANCE COMPANY, a Delaware | ) | **MOTION TO DISMISS THE SECOND** |
| corporation, AMERICAN ALTERNATIVE | ) | **AMENDED COMPLAINT OF** |
| INSURANCE CORPORATION, a Delaware | ) | **PLAINTIFF KEVIN FOX** |
| corporation and ST. PAUL FIRE AND MARINE | ) | |
| INSURANCE COMPANY, a Minnesota corporation, | ) | |
| | ) | |
| Third Party Defendants. | ) | |
| _____ | ) | |
| | ) | |
| KEVIN FOX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ESSEX INSURANCE COMPANY, a Delaware | ) | |
| corporation, and AMERICAN ALTERNATIVE | ) | |
| INSURANCE CORPORATION, a Delaware | ) | |
| corporation, | ) | |
| | ) | |
| Third Party Defendants. | ) | |
| _____ | ) | |

American Alternative Insurance Corporation ("AAIC"), pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure, moves this Court to enter an Order dismissing the Second Amended Complaint of Plaintiff Kevin Fox, in its entirety, for failure to state a claim upon which relief can be granted.  In support thereof, AAIC submits a separate memorandum of law and states as follows:

1.      AAIC issued an excess commercial umbrella liability policy to Will County that also provided coverage for certain Will County Detectives, including Detectives Edward Hayes, Michael Guilfoyle and Scott Swearengen (collectively "Detectives").  (Exhibit J to Plaintiff's Second Amended Complaint.[1])

2.      Plaintiff purports to be the assignee of certain rights of the Detectives to obtain insurance coverage from AAIC.

3.      As the assignee of the insured Detectives, Plaintiff has no greater rights against AAIC than those of the Detectives.  *Cincinnati Ins. Co. v. American Hardware Mfrs. Ass'n*, 898 N.E.2d 216, 230 (Ill. App. Ct. 2008).

4.      Plaintiff asserts six causes of action against AAIC in his Second Amended Complaint ("Complaint"):

- Count I - breach of insurance contract failure to settle within policy limits;
- Count II - breach of insurance contract defending when a conflict of interest exists;
- Count IV - breach of contract estoppel due to AAIC's bad faith;
- Count VI - declaratory judgment:  duty to indemnify estoppel due to AAIC's breach;
- Count VIII - declaratory judgment:  duty to indemnify estoped by Lowis & Gellen's breach; and

---

[1]      AAIC makes no admissions of fact or as to the authenticity of the exhibits attached to Plaintiff's Complaint.

5.       For each of the causes of action Plaintiff asserts, Plaintiff seeks coverage for the $3.4 million punitive damage award he obtained from the jury in this matter based upon the Detectives' own egregious conduct.

6.       The AAIC policy contains an exclusion that bars coverage for any punitive damage award. (Exhibit J to Plaintiff's Complaint at WCD04374.)

7.       The public policy of the State of Illinois prohibits coverage for punitive damages based upon an insured's own acts and omissions. *Crawford Laboratories, Inc. v. St. Paul Ins. Co. of Ill.*, 715 N.E.2d 653, 659 (Ill. App. Ct. 1999) ("in Illinois, public policy prohibits insurance against liability for punitive damages that arise out of the misconduct of the insured"); *Beaver v. Country Mut. Ins. Co.*, 420 N.E.2d 1058, 1060 (Ill. App. Ct. 1981) (*citations omitted*) (If punitive damages were shifted to an insurance company, "'punitive damages would serve no useful purpose. Such damages do not compensate the plaintiff for his injury. …And there is no point in punishing the insurance company; it has done no wrong. In actual fact … the burden would ultimately come to rest not on the insurance companies but on the public, since the added liability to the insurance companies would be passed along to the premium payers. Society would then be punishing itself for the wrong committed by the insured.'").

8.       Plaintiff cannot bootstrap coverage for his punitive damage award under any theory of liability or cause of action.

9.       Additionally, Count I fails because AAIC is an excess umbrella liability insurer with no duty to defend unless and until underlying primary liability insurance exhausts, which Plaintiff admits did not happen until September 2008 – nine months *after* the underlying trial and jury verdict in favor of Plaintiff.

10.     As no Illinois court has ever placed a duty to settle upon an insurer (excess or otherwise) who did not actually control all aspects of the defense and settlement of the underlying case, Plaintiff's Count I fails as a matter of law.

11.     Count I also fails because AAIC cannot be held liable for any post-verdict conduct.

12.     Count II fails because AAIC had no duty to inform the Detectives of any potential conflict of interest as it did not control the Detectives' defense pre-verdict.

13.     Counts IV, VI, VIII and X fail because they are all based upon a theory of estoppel that has no application to an excess insurer like AAIC with no duty to defend unless and until underlying primary liability insurance exhausts.  Even if the doctrine could apply, which it cannot, AAIC could not be held liable for any judgment amount or costs in excess of the limit of liability of the AAIC Policy.

14.     If the Plaintiff's Complaint, "when viewed in a light most favorable to the plaintiff," fails to state a claim upon which relief can be granted, this Court must grant AAIC's motion and dismiss the Plaintiff's Complaint.  *Kies v. City of Aurora*, 149 F. Supp. 2d 421, 423 (N.D. Ill. 2001); *Justice v. Town of Cicero,* 577 F.3d 768, 771 (7th Cir. 2009).

15.     For all of these reasons, and because AAIC has admittedly paid Plaintiff the $5 million limit of liability of the AAIC Policy (plus additional costs) in partial satisfaction of the underlying judgment, Plaintiff has no viable cause of action against AAIC and this Court should dismiss Plaintiff's Complaint.

WHEREFORE, for the reasons set forth herein and in the supporting memorandum of law submitted with this motion, AAIC requests that this Court grant its motion and enter an

Order dismissing the Plaintiff's Second Amended Complaint in its entirety for failure to state a

claim upon which relief can be granted.

Respectfully submitted,

Date:   January 12, 2011

AMERICAN ALTERNATIVE INSURANCE
CORPORATION

By: _____/s/ Robert J. Bates, Jr._____
                     One of its Attorneys

Robert J. Bates, Jr.
Mary F. Licari
Bates Carey Nicolaides LLP
191 N. Wacker Drive, Suite 2400
Chicago, IL 60606
(312) 762-3100
Firm Id:  47554

373267_1.DOC