IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| KEVIN FOX & MELISSA FOX,<br>Plaintiffs,<br><br>v.<br><br>FORMER WILL COUNTY STATE'S ATTORNEY<br>JEFFREY TOMCZAK, *et al.*<br>Defendants,<br><br>and<br>ESSEX INSURANCE COMPANY, *et al.*<br>Third-Party Defendants.<br><br>WILL COUNTY,<br>Third-Party Plaintiff,<br><br>v.<br><br>ESSEX INSURANCE COMPANY, *et al.*,<br>Third-Party Defendants. | Case No. 04-C-7309<br><br>Hon. John W. Darrah |

## THIRD-PARTY DEFENDANT ESSEX INSURANCE COMPANY'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

Third-Party Defendant, Essex Insurance Company ("Essex"), respectfully moves the Court pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6) and/or 12(b)(7) to dismiss the Second Amended Complaint ("Complaint") filed by Plaintiff, Kevin Fox ("Plaintiff" or "Fox"). In support of this motion, Essex submits and incorporates by reference its accompanying memorandum of law and also states as follows:

### BACKGROUND

1. After obtaining leave of Court, Plaintiff filed the operative Complaint against Essex and American Alternative Insurance Corporation ("AAIC") on December 21, 2010, seeking relief under the Declaratory Judgment Act, 28 U.S.C. §2201, and Illinois common law.

1

1338473.1

2. Because it was not previously a party to Plaintiff's action, Essex was first served with a Summons and Plaintiff's Complaint on December 22, 2010.

3. Plaintiff's Complaint is filed in his alleged capacity as assignee of Detectives Edward Hayes, Scott Swearengen and Michael Guilfoyle (the "Detectives"). In that capacity, Plaintiff allegedly stands in the shoes of the Detectives and asserts their alleged rights to insurance coverage in relation to the award of punitive damages which was entered in favor of Plaintiff and against Detectives in this case.

4. The Assignments upon which Plaintiff relies become void and unenforceable at Plaintiff's option in the event the Detectives fail to cooperate, and are also void and unenforceable to the extent the judgment in this case was reversed and remanded on appeal.

5. Plaintiff's Complaint alleges that Essex breached certain alleged duties by failing to inform the Detectives of potential conflicts of interest presented by their defense (Count III) and/or by failing to advise the Detectives of the alleged conflict and of their right to independent counsel (Count V). Further, the Plaintiff seeks a judicial declaration that, because of its conduct in allegedly failing to advise of conflicts or "ratifying" the conflicts of others, Essex is now allegedly estopped from raising its coverage defenses (Count VII). Plaintiff also seeks a declaration that Essex is liable for the alleged failures of Lowis & Gellen, LLP ("L&G") during their representation of the Detectives, and that Essex is therefore obligated to indemnify the Detectives for the entire judgment in the Civil Rights Case (Count IX). Finally, Plaintiff seeks a declaration that Essex owes an obligation to indemnify the Defendants for the entire judgment in the Civil Rights case due to its alleged failure to defend without effectively reserving its rights (Count X).

1338473.1

6. Plaintiff claims jurisdiction pursuant to 28 U.S.C. §1332, which requires both complete diversity of citizenship between the parties and an amount in controversy in excess of $75,000.00.

7. Over four months prior to the filing of the Complaint, Essex filed a more comprehensive declaratory judgment action against Plaintiffs, the County and the County's insurers in the Circuit Court of Cook County, Illinois, as Case No. 10 CH 34288 ("State Action"). In that case, Essex seeks a judicial determination as to the rights and obligations of all relevant parties both in relation to any punitive damages awarded to Plaintiff in this case, as well as in relation to any award of Plaintiffs' attorneys' fees or other costs associated with those fees.

## THE COMPLAINT SHOULD BE DISMISSED

### A. This Court Should Abstain From Exercising Jurisdiction In Favor Of The Prior Pending State Court Action

8. Pursuant to the Declaratory Judgment Act, 28 U.S.C. §2201, federal district courts have "substantial discretion in deciding whether to declare the rights of litigants and may, in their sound discretion, stay or dismiss an action seeking a declaratory judgment in favor of an ongoing state court case." *Envision Healthcare, Inc. v. PreferredOne Ins. Co.,* 604 F.3d 983, 986 (7th Cir. 2010). *See also Wilton v. Seven Falls Co.,* 515 U.S. 277, 282, 115 S. Ct. 2137, 2140 (1995); *Brillhart v. Excess Ins. Co. of America,* 316 U.S. 491, 62 S. Ct. 1173 (1942); *Sta-Rite Indus., Inc. v. Allstate Ins. Co.,* 96 F.3d 281, 287 (7th Cir. 1996); *Indian Harbor Ins. Co. v. Republic Services, Inc.,* Case No. 10C3310, Mem. Op. (N.D. Ill. Sept. 10, 2010) (granting motion to dismiss on abstention grounds in favor of first-filed state court action).

9. A district court may apply the *Wilton/Brillhart* abstention doctrine in instances where the state and federal proceedings are parallel and the federal suit contains claims for both

declaratory and non-declaratory relief, as long as the non-declaratory claims are dependent on the declaratory claims, as they are in this case. *R.R. Street & Co., Inc. v. Vulcan Materials Co.*, 569 F.3d 711, 715-16 (7th Cir. 2009).

10. While Essex maintains that the Court has the discretion to abstain from exercising jurisdiction under the *Wilton/Brillhart* abstention doctrine, the Court should also abstain even if it applies the more stringent abstention standard set forth in *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 96 S. Ct. 1236 (1976) to those portions of the Complaint seeking non-declaratory relief.

11. Under the *Colorado River* standard, the decision to abstain is still within the sound discretion of the court and abstention is appropriate where it promotes "wise judicial administration" with regard to the "conservation of judicial resources" and "comprehensive disposition of litigation." *Id.* See also *W.E. O'Neil Construction Co. v. National Union Fire Ins. Co. of Pittsburgh, PA,* 721 F. Supp. 984, 989-90 (N.D. Ill. 1989); *R&B Group, Inc. v. BCI Burke Co, Inc.*, 982 F. Supp. 549, 552 (N.D. Ill. 1997) (federal court may dismiss a suit when there is a concurrent state proceeding and a dismissal would promote wise judicial administration).

12. In applying the *Colorado River* standard, the court may also consider any "special factors counseling for or against the exercise of jurisdiction." *LaDuke v. Burlington Northern R.R. Co.,* 879 F.2d 1156, 1559 (7th Cir. 1989).

13. Abstention is warranted in this case under either the *Wilton/Brillhart* or *Colorado River* doctrines in light of the more complete and comprehensive parallel State Action filed by Essex nearly four months prior to the Complaint, in light of the novel theories presented by Plaintiff.

14. Plaintiff's claims in the Complaint are not only based solely and exclusively on state law, the claims themselves raise issues of first impression which should be addressed, if at all, by an Illinois state court.

15. This Court will not only be required to apply state law to address Plaintiff's claims, it will need to create new law in Illinois to resolve the issues presented.

16. Under these "special" circumstances, the Court should exercise its discretion and allow the novel issues presented by the Complaint to be determined in state court.

B. **Alternatively, the Court Should Dismiss Pursuant to Fed. R. Civ. P. 12(b)(7)**

17. The Complaint seeks to hold Essex liable for alleged conflicts of interest and other failures by the law firm of L&G during the defense of the Detectives. By definition, in order to recover from Essex, Plaintiff will need to establish that L&G breached its legal and ethical obligations to the Detectives. As such, L&G has a significant interest in the outcome of this case so as to constitute a necessary party, and because they are located in Illinois they are indispensable. Fed. R. Civ. P. 19.

C. **The Complaint Should be Dismissed For Failure to State a Cause of Action on Which Relief Can be Granted Against Essex**

18. In addition to the jurisdictional issues set forth above, the Complaint is also premised upon Assignments which are void and unenforceable on their face, so Plaintiff does not have standing to pursue Essex.

19. Even if the Assignments at issue were valid and enforceable, the Essex Policy undisputedly excludes coverage for punitive damages on its face (Complaint, Ex. K, Form MEU-

5260-0895), thereby precluding any claim for coverage for punitive damages by way of the contract itself.

20. Further, the Essex Policy does not giver rise to any obligation on the part of Essex to defend the Detectives. (Complaint, Ex. K).

21. Assuming *arguendo* Essex somehow is found to have owed a duty to defend, and that Plaintiff is somehow successful in establishing the breach of such a duty so as to preclude Essex from raising the plain language of its punitive damages exclusion as a defense (all of which is disputed), Plaintiff cannot recover the remedy it seeks from Essex as a matter of law.

22. The public policy of the State of Illinois clearly and unmistakably prohibits the assessment against an insurer of punitive damages which are awarded due to an insured's own egregious acts or omissions. *See, Crawford Labs, Inc. v. St. Paul Ins. Co.*, 306 Ill.App.3d 538, 544 (1999); *Beaver v. Country Mut. Ins. Co.*, 95 Ill.App.3d 1122, 1124-25 (1981).

23. As such, even if Plaintiff were successful in establishing estoppel in this case (which is disputed), he cannot recover the punitive damages at issue against Essex, as doing so violates Illinois public policy.

24. Finally, Plaintiff's Complaint cannot otherwise support a viable cause of action against Essex for "bad faith" under Illinois law.

25. While Illinois law may allow for the imposition of extra-contractual and/or punitive damages against an insurer which undertakes to defend its insured and fails to settle in "bad faith" in certain limited circumstances, Plaintiff's Complaint not only fails to include such a claim, the facts alleged preclude the establishment of the elements of such a potential cause of

action in relation to Essex. *Haddick v. Valor Ins.*, 763 N.E.2d 299, 305 (2002); *O'Neill v. Gallant Ins. Co.*, 769 N.E.2d 100 (2006).

WHEREFORE, Essex Insurance Company respectfully requests that this Court dismiss the Plaintiff's Complaint in its entirety in relation to Essex.

Dated: January 12, 2011

Respectfully submitted,

/s/ Michelle R. Valencic
Attorney for Essex Insurance Company

Amy R. Paulus
Michelle R. Valencic
CLAUSEN MILLER, P.C.
10 South La Salle Street
Chicago, IL 60603
Tel: 312-855-1010
Fax: 312-606-7777
*Attorneys for Essex Insurance Company*

1338473.1