UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEVIN FOX and MELISSA FOX, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | Case No. 04 C 7309 |
| WILL COUNTY; EDWARD HAYES; ) | |
| MICHAEL GUILFOYLE; ) | Judge John W. Darrah |
| SCOTT SWEARENGEN; ) | |
| JOHN RUETTIGER; BRAD WACHTL; ) | |
| DAVID DOBROSWKI; and ) | |
| UNKNOWN POLYGRAPH ) | |
| EXAMINER, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| WILL COUNTY, ) | |
| ) | |
| Third-Party Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ESSEX INSURANCE CO.; AMERICAN ) | |
| ALTERNATIVE INSURANCE CORP.; ) | |
| and ST. PAUL FIRE AND MARINE ) | |
| INSURANCE CO., ) | |
| ) | |
| Third-Party Defendants. ) | |
| ) | |
| KEVIN FOX, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ESSEX INSURANCE CO.; AMERICAN ) | |
| ALTERNATIVE INSURANCE CORP.; ) | |
| and ST. PAUL FIRE AND MARINE ) | |
| INSURANCE CO., ) | |
| ) | |
| Third-Party Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is St. Paul Fire and Marine Insurance Company's ("St. Paul") Motion to Dismiss Plaintiff, Kevin Fox's ("Fox") Third Amended Complaint

## BACKGROUND

The factual and procedural history of this case has been recited at length at various stages of litigation since 2004, and most recently in this Court's Memorandum Opinion and Order dated August 31, 2011.[1] The factual background relevant to the instant dispute is as follows.

### *Underlying Litigation*

Fox and his wife, Melissa, originally filed this action on November 14, 2004, alleging claims against Will County, detectives employed by Will County (the "Defendant Detectives"), and other parties not named in the instant proceeding, pursuant to 42 U.S.C. § 1983 (the "Fox Litigation"). The claims related to law enforcement activities conducted by the Defendant Detectives in connection with the investigation, arrest, and prosecution of Fox, ending in October 2004.

On December 20, 2007, the jury reached a verdict and judgment was entered in favor of Fox and his wife for $15.5 million against Defendant Detectives Edward Hayes, Michael Guilfoyle, Scott Swearengen, Brad Wachtl, and John Ruettiger (who died before the trial).

---

[1] *See Fox, et al. v. Will Cnty., et al.*, No. 04-7309, 2005 WL 991901, *1 (N.D. Ill. Apr. 13, 2005); *Fox, et al. v. Will Cnty., et al.*, No. 04-7309, 2005 WL 1323327, *1 (N.D. Ill. May 26, 2005); *Fox, et al. v. Tomczak, et al.*, No. 04-7309, 2006 WL 1157466, *1 (N.D. Ill. Apr. 26, 2006); *Fox, et al. v. Will Cnty., et al.*, No. 04-7309, 2009 WL 723385, *1 (N.D. Ill. Mar. 11, 2009); and most recently, *Fox, et al. v. Will Cnty., et al.*, No. 04-7309, 2011 WL 3876591, *1 (N.D. Ill. Aug. 31, 2011).

The total award of damages to Fox was $9.3 million on his claims of due process, false arrest, malicious prosecution, and intentional infliction of emotional distress. Of this award, $3.7 million was for punitive damages. The total award of damages to Melissa was $6.2 million on her claims of loss of consortium and intentional infliction of emotional distress. Of this award, $2.5 million was for punitive damages.

On March 12, 2008, Detectives Guilfoyle, Swearengen, and Hayes assigned their rights against Will County and its insurance companies to the Foxes regarding the punitive damages award. (Dkt. No. 998 at 5.) On September 25, 2008, on motions after verdict, this Court struck all of the punitive damages awarded to Melissa and $100,000 of Fox's punitive damages (those assessed against Detective Brad Wachtl). This Court entered judgment, reducing the total damages award to $12.9 million. After a partial satisfaction of the judgment, the damages award was reduced to $12.2 million. In addition, the Court entered an order memorializing the parties' agreement that the judgment against the Estate of John Ruettiger was satisfied and the case against it was dismissed.

This judgment was appealed. On April 7, 2010, the Seventh Circuit affirmed in part and reversed in part and vacated in part this Court's judgment. *See Fox v. Hayes*, 600 F.3d 819, 826 (7th Cir. 2010). Ultimately, Fox was awarded $2,016,000 in compensatory damages and $3,400,000 in punitive damages.

On February 23, 2011, Fox entered into an Agreed Order, conceding that the entire judgment for compensatory damages has been satisfied and the only remaining judgment was the punitive damages award. (Dkt. No. 968.)

*Fox's Prior State Action*

On April 25, 2008, Fox filed an action in the Circuit Court of Cook County in the matter captioned *Kevin Fox, et al. v. St. Paul Fire and Marine Ins. Co., et al.*, No. 08-CH-14936, seeking indemnification for his punitive damages award (the "Fox State-Court Litigation"). On September 25, 2008, the parties entered into a release, and the state-court action was dismissed with prejudice pursuant to the release.[2]

---

[2] Fox attached this release to his reply in support of his Motion to Reinstate. *See* Dkt. No. 1017, Ex. C. Both parties rely on the release; the text is "not subject to reasonable dispute" and is "capable of accurate and ready determination." Therefore, this Court takes judicial notice of the agreement in accordance with Federal Rule of Evidence 201(b). *See Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1997) ("A court may take judicial notice of an adjudicative fact that is both 'not subject to reasonable dispute' and either 1) 'generally known within the territorial jurisdiction of the trial court' or 2) 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'" *Id.* (citing Fed. R. of Evid. 201(b)).

This agreement provides, in relevant part:

> Without limiting the generality of the release, Releasors [Kevin Fox] state that this General Release releases, waives, relinquishes and forever discharges any claim for monetary or other damages or relief, including any and all claims for costs and attorneys fees pursuant to common law, contract, or 42 U.S.C. § 1988, by reason of any matter or issue which was litigated or could have been litigated against the persons and entities released herein [St. Paul] and any other officer, agent, employee or insurer of said persons or entities in the following cases: *Kevin Fox and Melissa Fox v. County of Will, et al.*, Case No. 04 C 7309, filed in the United States District Court, Northern District of Illinois, Eastern Division ("The Fox Suit"); or *Kevin Fox and Melissa Fox v. St. Paul Fire and Marine Insurance Company, et al.*, Case No. 08 CH 14936, filed in the Circuit Court of Cook County, Illinois, Chancery Division ("the Fox Declaratory Judgment Action"). This General Release is contingent upon the entry of a release and satisfaction of judgment of the benefit of the Estate and Lynn Ruettiger and dismissal of the Estate and St. Paul from the above

4

On October 8, 2010, Fox filed a Complaint for Declaratory Judgment against only St. Paul, seeking coverage for the punitive damages award in this Court. (Dkt. No. 912.)

On December 8, 2010, Fox filed an amended complaint. St. Paul was not among the insurers named as Defendants, instead Fox's amended complaint named Will County's other two insurers, American Alternative Insurance Corporation ("AAIC") and Essex Insurance Company ("Essex"), as Defendants. (Dkt. No. 939.) On December 21, 2010, after withdrawing his First Amended Complaint, Fox filed a Second Amended Complaint against AAIC and Essex. (Dkt. No. 943.)

On January 12, 2011, AAIC and Essex each filed a Motion to Dismiss Fox's Second Amended Complaint. (Dkt. Nos. 953, 956.) On May 9, 2011, Fox and Essex filed a Stipulation and Notice of Dismissal, stating that the Fox was dismissing his Second Amended Complaint against Essex with prejudice. (Dkt. No. 985.) Subsequently, AAIC filed a Motion to Dismiss. Following a round of briefing, AAIC's Motion to Dismiss was granted on August 31, 2011, and Fox's Second Amended Complaint was dismissed in its entirety. (Dkt. No. 998.)

On September 27, 2011, Fox sought leave to reinstate St. Paul as a Defendant and for leave to file an amended complaint. The Court granted leave (Dkt. No. 1028), and Fox filed this Third Amended Complaint, naming St. Paul as a Defendant.

---

actions. It is understood that this release does not release any of the remaining defendants in either action and that both causes of action shall continue against the remaining defendants.

## LEGAL STANDARD

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *Christensen v. Cnty. of Boone*, 483 F.3d 454, 458 (7th Cir. 2007). Under the federal notice pleading standards, "a plaintiff's complaint need only provide a short and plain statement of the claim showing that the pleader is entitled to relief, sufficient to provide the defendant with fair notice of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (internal quotations omitted). When considering a motion to dismiss under Rule 12(b)(6), the complaint is construed in the light most favorable to the plaintiff; all well-pleaded factual allegations are accepted as true, and all reasonable inferences are construed in the plaintiff's favor. *Id.* However, a complaint must allege "enough facts to state a claim to relief that is plausible on its face" to survive a motion to dismiss. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007) (*Twombly*). For a claim to have facial plausibility, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (*Iqbal*). Thus, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Further, the amount of factual allegations required to state a plausible claim for relief depends on the complexity of the legal theory alleged. *Limestone Dev. Corp. v. Vill. of Lemont*, 520 F.3d 797, 803 (7th Cir. 2008).

## ANALYSIS[3]

### Res Judicata

St. Paul argues that because Fox dismissed all claims against St. Paul with prejudice in the state-court action in 2008, Fox's Third Amended Complaint against St. Paul is barred by the doctrine of *res judicata*. In response, Fox argues that because the dismissal was a "dismissal with prejudice pursuant to a settlement agreement," under Illinois law, it is not a final judgment on the merits for purposes of *res judicata*.

The preclusive effect of a state court's judgment on a subsequent suit in federal court is determined by state law. *Hicks v. Midwest Transit, Inc.*, 479 F.3d 468, 471 (7th Cir. 2007); *see also* 28 U.S.C. § 1738. The parties agree that Illinois law applies. Under Illinois law, three requirements must be satisfied for *res judicata* to apply: "(1) a final judgment on the merits has been reached by a court of competent jurisdiction; (2) an identity of cause of action exists; and (3) the parties or their privies are identical in both actions." *Hudson v. City of Chicago*, 889 N.E.2d 210, 213 (Ill. 2008) (internal citation omitted).

In challenging the first requirement, Fox cites only one case, *Goodman v. Hanson*, 945 N.E.2d 1255, 1269 (Ill. App. Ct. 2011) (holding that dismissal with prejudice pursuant to a settlement agreement is not judicial determination of the parties' rights). As the *Goodman* court noted, however, "there is a split of authority on the question of

---

[3] St. Paul asserts several bases in support of its Motion to Dismiss: *res judicata*; the Release; Fox cannot establish the St. Paul Policy covers punitive damages; the St. Paul Policy is exhausted; Fox cannot establish bad-faith; Fox's allegations regarding failure to advise the detectives of a conflict presented by their joint defense fails to state a cause of action; and abstention. But two bases, *res judicata* and the Release are dispositive. It is therefore unnecessary to consider the others.

whether a dismissal with prejudice pursuant to a settlement agreement operates as a final judgment on the merits."[4] *Id.* A review of Illinois case law suggests that *Goodman* is contrary to prevailing authority.

Illinois courts have held that a dismissal pursuant to a stipulation or settlement of the parties is treated as a final judgment on the merits for purposes of *res judicata*. *See Nelson v. Chicago Park Dist.*, 945 N.E.2d 634, 642 (Ill. App. Ct. 2011) (holding that an "order entered by the trial court dismissing [a first case] with prejudice upon the execution of a termination agreement was a final judgment on the merits that satisfied the first element of *res judicata*."); *Jackson v. Callan Pub., Inc.*, 826 N.E.2d 413, 428 (Ill. App. Ct. 2005) (noting that although "[t]here is a split of authority in Illinois cases as to whether a dismissal with prejudice pursuant to a settlement agreement is sufficient to raise *res judicata* . . . [t]he modern view generally recognizes that a valid consent judgment is entitled to a *res judicata* effect, so as to preclude relitigation of the same claim or cause of action as was covered by such judgment."); *SDS Partners, Inc. v. Cramer*, 713 N.E.2d 239, 241 (Ill. App. Ct. 1999) ("The settlement order in the original action was a final judgment on the merits."); *Keim v. Kalbfleisch*, 373 N.E.2d 565, 568 (Ill. App. Ct. 1978) ("the dismissal with prejudice of plaintiff's first complaint, pursuant to a settlement agreement, is a final judgment on the merits").

The Seventh Circuit, applying Illinois law and collecting Illinois cases, held that a voluntary dismissal with prejudice pursuant to a settlement agreement operates as a final judgment on the merits that is entitled to full *res judicata* effect. *4901 Corp. v. Town of*

---

[4] The *Goodman* court, however, barred the second action based on a prior release.

*Cicero*, 220 F.3d 522, 529 (7th Cir. 2000); *see also Jackson v. City of Chicago*, No. 10 C 2192, 2010 WL 3723911, at *3 (N.D. Ill. Sept. 15, 2010) (same); *Arlin-Golf, LLC v. Vill. of Arlington Heights*, No. 09 C 1907, 2010 WL 918071, at *5 (N.D. Ill. Mar. 9, 2010) (same); *Junction Solutions, LLC v. MBS Dev, Inc.*, No. 06 C 1632, 2007 WL 4233995, at *4 (N.D. Ill. Nov. 21, 2007) (same); *Johnson v. Orr*, No. 07 C 5900, 2007 WL 4531798, at *3 (N.D. Ill. Dec. 19, 2007) (same).

Fox concedes that his prior action against St. Paul was "dismiss[ed] with prejudice pursuant to a settlement agreement." (Resp. at 2). Therefore, the first element of the *res judicata* inquiry has been satisfied. "Any other interpretation would effectually nullify all settlements because the same claim would be subject to the possibility of future litigation and double recovery." *Elliott v. LRSL Enterprises, Inc.*, 589 N.E.2d 1074, 1076 (Ill. App. Ct. 1992).

Fox also argues that his action for indemnification against St. Paul "did not become ripe until judgment became final when the Seventh Circuit issued their opinion on April 7, 2010." (Resp. at 3.) Fox appears to argue that the dismissal with prejudice of the state-court action was not final for the purposes of *res judicata* because the action was not "ripe" for adjudication. (*See* Resp. at 3-4.) This argument, however, does not render the dismissal with prejudice of Fox's Cook County action against St. Paul a non-final order for purposes of *res judicata* based on the above authority.

Fox does not contest the second or third elements of the *res judicata* analysis. St. Paul has satisfied the second and third elements of the *res judicata* analysis. For purposes of the second requirement, Illinois uses the so-called "transactional test" to determine whether separate claims constitute the same cause of action. *Arlin–Golf, LLC*

9

*v. Vill of Arlington Heights*, 631 F.3d 818, 822 (7th Cir. 2001). "[S]eparate claims will be considered the same cause of action . . . if they arise from a single group of operative facts, regardless of whether they assert different theories of relief. . . . [T]he transactional test permits claims to be considered part of the same cause of action even if there is not a substantial overlap of evidence, so long as they arise from the same transaction. *Id.* (quoting *River Park, Inc. v. City of Highland Park*, 703 N.E.2d 883, 893 (Ill.1998) (alterations in original)). Fox's state-court action and his Third Amended Complaint are based on the same set of "operative facts." In both pleadings, Fox seeks coverage for his award of punitive damages from St. Paul. (*Compare* Dkt. No. 1035-1 with Dkt. No. 1026.) The third element has also been satisfied: Fox is the Plaintiff and St. Paul is a named Defendant in both the state-court and in the instant action. Accordingly, Fox's Third Amended Complaint against St. Paul is barred by the doctrine of *res judicata*.

*Release*

Even if the doctrine of *res judicata* were not dispositive, Fox's claim would fail because of the Release executed on September 25, 2008. Fox argues that (1) he did not specifically execute the Release as an assignee of the Defendant Detectives' rights and (2) the only claim released by him was solely as to the Estate of John Ruettiger. (Resp. at 5.)

First, that Fox did not sign the Release as an assignee is not dispositive given the language of the Release. The Release, as set out above, states that the Releasors (Kevin and Melisa Fox):

> releases, waives, relinquished and forever discharges any

claim for monetary or other damages or relief . . . by reason of any matter or issue which was litigated or could have been litigated against the persons and entities released herein . . . in the following cases: *Kevin Fox and Melissa Fox v. County of Will, et al.*, Case No. 04 C 7309, filed in the United States District Court, Northern District of Illinois, Eastern Division . . . ; or *Kevin Fox and Melissa Fox v. St. Paul Fire and Marine Insurance Company, et al.*, Case No. 08 CH 14936, filed in the Circuit Court of Cook County, Illinois, Chancery Division.

As this language expressly states, Fox released "any matter" that was litigated or could have been litigated, this necessarily includes Fox's current claim against St. Paul.

Second, Fox's argument that the Release was only as to the Estate of John Ruettiger is also not persuasive. The Release specifically states that St. Paul is a party to the Release as follows:

> This General Release is given by KEVIN FOX and MELISSA FOX ("Releasors") and releases THE ESTATE OF JOHN RUETTIGER (the "Estate"), LYNN RUETTIGER in her capacity as representative of the Estate, and their insurer ST. PAUL FIRE AND MARINE INSURANCE COMPANY ("St. Paul"). Releasors, the Estate, Lynn Ruettiger and St. Paul are referred to collectively in this General Release as the "Parties Hereto.

(Dkt. No. 1017.) Furthermore, St Paul as a party "hereto" was released contingent upon the "dismissal of the Estate and St. Paul from the above actions," which refers to the *Fox* suit in the Northern District of Illinois and the *Fox* suit in Cook County Circuit Court. Nothing in the Release can reasonably be read to state that the Foxes released St. Paul from claims *only* as to the Estate of John Ruettiger or that the parties intended such an interpretation.

11

Accordingly, Fox's claims fail because they are barred by the Release executed on September 25, 2008.

## CONCLUSION

For the reasons set forth above, St. Paul's Motion to Dismiss Fox's Third Amended Complaint [1049] is granted with prejudice.

Date: 6-8-12

JOHN W. DARRAH
United States District Court Judge